Mr. Justice SHAFTER expressed no opinion.

---

## ASA D. NUDD AND CHARLES S. LORD *v.* I. D. THOMPSON AND A. HARPENDING.

JUDGMENT ON THE PLEADINGS.—If the answer contains a denial of the material facts alleged as a cause of action in the complaint, and a special defence, stated separately, the plaintiff is not entitled to a judgment on the pleadings, even if the entire cause of action is confessed in the special defence.

SEVERAL ANSWERS TO COMPLAINT.—Where there are several answers, an admission made in one is not available in proof of issues raised by others.

DENIALS IN ANSWER.—In an action for the claim and delivery of personal property, the plaintiff should not state in his complaint the particular facts upon which he claims the title and right of possession, and if he avers the title and right of possession to be in him, and a wrongful detention, and also avers the particular facts upon which his title and right of possession are claimed, a denial of the first averments is sufficient, without a denial of the latter.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The complaint, after averring that on the 6th day of December, 1866, the plaintiffs were and still are the owners of the property, and are entitled to the possession thereof, proceeded as follows:

" That said plaintiffs, on said day, being as aforesaid owners and in the possession of said personal property, the said I. D. Thompson, one of the said defendants, falsely and fraudulently, and without any consideration, obtained an order for the said brandy from said plaintiffs upon Howard's Bonded Warehouse, where the said goods were in store; that afterwards, to wit: on the 7th day of said December, he, the said I. D. Thompson, falsely and fraudulently, and without any legal consideration passing to him, said I. D.

Thompson, gave a paper purporting to be an order for the said two quarters and one one eighth casks of brandy, upon the said Howard's Bonded Warehouse, to the other defendant herein, the said A. Harpending, who now fraudulently claims to be the owner of said brandy; that said orders were presented to said Howard's Bonded Warehouse, and the said goods, to wit: said casks of brandy, were transferred, first, on the books of said warehouse, to the name of said Thompson, and afterwards, on the said 7th of December, instant, to the name of the said Harpending. And plaintiffs further aver, that said bonded warehouse and its owners and conductors, now hold the said goods for the said defendants, or for one of them; that on the 18th day of December, instant, and whilst said goods were still in the name of said A. Harpending on the books of said Howard's Bonded Warehouse, they, the said plaintiffs, demanded possession of said casks of brandy from said Howard's Bonded Warehouse, its owners and conductors, who then and there were the agents of said A. Harpending and the said Thompson, and they then and there refused to deliver the same to plaintiffs, or any part thereof. And plaintiffs further aver, that said Harpending and Thompson, or one of them, now is in the possession of said casks of brandy, through his or their agents, the said owners and conductors of the said Howard's Bonded Warehouse.

"The plaintiffs further aver, that at the time of obtaining said order from them, he, the said I. D. Thompson, was insolvent, which fact he, said defendant, then and there fraudulently concealed from said plaintiffs; that said defendant Thompson obtained said order for the said brandy and goods falsely and fraudulently, and without consideration, and with the preconceived intention and design of never paying for the same or any part thereof; that said plaintiffs were imposed upon and deceived, and agreed to give sixty days credit to said Thompson, for paying the reasonable value of said goods, under a firm belief that said Thompson was solvent, and intended to pay for the same. That no

cash or notes were given at the time of said pretended sale, and no security obtained therefor.

"And plaintiffs further aver, that the said defendants still unlawfully withhold and detain said goods and chattels from the possession of these plaintiffs, to their damage in the sum of one thousand three hundred and twenty-five $12\frac{1}{2}$-100 dollars."

The defendant Thompson was defaulted. The following was the answer of the other defendant:

"Now comes A. Harpending, one of the defendants in the above entitled cause, by Cope & Daingerfield, his attorneys, and separately answers the complaint herein, and for answer thereto, denies that the plaintiffs are the owners of the property, to wit: the brandy and champagne mentioned in said complaint, or any part thereof, or were such owners at the commencement of this suit; and avers that said property then was and still is the property of this defendant; and he further denies that his co-defendant Thompson falsely or fraudulently, or without any legal consideration passing to him, the said Thompson, gave to him, this defendant, the paper mentioned in said complaint, or any other paper, and denies that he fraudulently claims to be the owner of said brandy, and avers that he purchased said brandy of the said Thompson long before the commencement of this suit, and that at the time of such purchase the said Thompson was in possession of said brandy, and as he, this defendant, is informed and believes, the owner thereof, and that he paid the said Thompson therefor the full value of the same; and he further denies that he, either by himself or in connection with the said Thompson, unlawfully withholds or detains said brandy or other property, or any part thereof, from the possession of the plaintiffs, to their damage in the sum mentioned in the complaint, or in any other sum.

"And for another and further answer to said complaint,

6

HARVARD LAW SCHOOL LIBRARY

he, this defendant, avers that the said Thompson, his co-defendant herein, was heretofore, to wit: on the 7th day of December, 1866, and for a long time prior thereto, had been indebted to him, this defendant, in the sum of seven thousand dollars in gold coin, for money loaned and advanced by him to the said Thompson at his request, at various times prior to the said 7th day of December aforesaid; and that the said Thompson being so indebted to him, this defendant, on the day aforesaid, sold and delivered to him, for the price and sum of four thousand dollars, certain goods, wares and merchandise, the property, as he is informed and believes, of him, the said Thompson, and in his possession, in part payment of the debt of the said Thompson to him, this defendant as aforesaid, the balance of said debt being still due and unpaid; and he further avers that the property mentioned in said complaint is a part of the goods, wares and merchandise so sold and delivered to him by the said Thompson, and that at the time of such sale and delivery he took possession of said property, and continued in the exclusive possession thereof until the commencement of this suit; and he further avers that at the time of the sale and delivery aforesaid, he had no knowledge of the circumstances under which the said property had been obtained by the said Thompson, and that if any fraud was committed by the said Thompson in obtaining it, he, this defendant, was wholly ignorant of such fraud.

"And as matter of complaint against the said plaintiffs, he, this defendant, avers that at the time of, or since the commencement of this suit, the delivery of said property, to wit: the said brandy and champagne, was claimed by the said plaintiffs under and in pursuance of the statute providing for the claim and delivery of personal property, and that the same has been taken from his possession and delivered to the said plaintiffs, and that the said property so taken is of the full value of one thousand three hundred and twenty-five 12½-100 dollars; and that he has been injured and dam-

aged by the taking thereof in the further sum of two hundred dollars."

The pleadings were verified.    The defendant Harpending appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Cope & Daingerfield*, for Appellant.

It is not denied that the property belonged originally to the plaintiffs, nor is it denied that Thompson obtained it under the circumstances alleged in the complaint; and the Court below proceeded upon the theory that Thompson was a fraudulent vendee of the property, and that Harpending could not obtain a title to it by a purchase from him based on a pre-existing indebtedness.    This is the only theory on which the judgment can be maintained, and we deny both its correctness as a proposition of law and its application under the pleadings in the case.

The complaint nowhere directly alleges a purchase of the property by Thompson, or any promise or agreement by him to pay for it.    It alleges that he obtained it fraudulently and without consideration, and specifies as the grounds of the fraud, that he was insolvent, and knowing the fact of his insolvency concealed it from the plaintiffs, and obtained the property without any intention of paying for it.    It alleges further that the plaintiffs were imposed upon and deceived, and agreed to give a credit of sixty days, under the belief that Thompson was solvent and intended to pay. The nature of the transaction as a purchase or otherwise is not stated, and only appears inferentially from the statement in regard to a credit.    There is nothing else from which the fact of a purchase can even be inferred, and the existence of so important a fact, so far as the fraud is concerned, cannot be assumed in the absence of a direct allegation on the subject.    The rule in pleading fraud is too well settled to require discussion, or a citation of authorities; the facts

constituting the fraud must be distinctly and positively alleged. There is no difference in this respect between the case of a fraudulent vendee and other cases of fraud; his position as vendee constitutes the foundation for whatever fraud may be charged against him, and the fact that such is his position must be stated in positive and unequivocal terms. As this is not done in the present case, the allegations of fraud have no foundation to rest on, and the case stands divested of any such charge. Relieved of the fraud, it amounts simply to an action for the recovery of property, the ownership of which is alleged on one side and denied on the other, with a counter allegation of ownership in the defendant.

But conceding the allegations of fraud to be sufficient, the result is the same. They are not allegations requiring a denial in order to prevent them from being taken as true; in other words, they are not allegations essential to the sufficiency of the complaint, and not, therefore, material allegations in the sense of the statute. The complaint would be as good without them as it is with them, and the same evidence would be admissible under it. This is the test of their materiality as given by the statute itself. (Practice Act, Sec. 66.) Nothing more is required in cases of this character than a complaint substantially in the form of a declaration in replevin at common law. The facts constituting the fraud are not necessary to be stated. This has been held even under the New York code, (*Hunter* v. *Hudson River Co.*, 20 Barb. 493), which is essentially different from our statute, and much more indefinite as to what constitutes a material allegation. It provides that such an allegation, not denied, shall be taken as true; but unlike our statute, it gives no definition of the term *material*, and furnishes no test to be observed by the Courts in its application. In such cases as the present, the matter seems to be regarded as discretionary with the pleader, who may state his case in general terms, as in the old action of replevin, or may allege specifically the facts. When the facts are alleged, they are generally treated

as material.   But here a different rule must be observed, for
the statute expressly excludes whatever is not essential to
the sufficiency of the pleading.    On this subject the case of
*Canfield* v. *Tobias*, 21 Cal. 349, is directly in point.

*McRea & Rhodes*, for Respondents.

It is to be observed, from the facts admitted in this case:
1. That the fraud of Thompson, in getting possession of the
plaintiffs' property by concealing his insolvency, and with a
preconceived design of never paying plaintiffs for it, is
nowhere denied.    2. That Harpending states that if there
were any such fraud he was no party thereto.    3. That he
admits present possession of all the goods, etc., mentioned
in the complaint, and sets up ownership thereto.

Under the facts as shown by the pleadings, the plaintiffs
insist that the ruling of the Court below, in granting the
motion for judgment, was correct, for the following reason,
to wit:  A sale of goods on credit is absolutely null and void
if the vendee, at the time of sale, was insolvent, and made
the purchase with the preconceived intention of never pay-
ing for them.    The principle of law above stated is the
undoubted law of England.    (*Ferguson* v. *Carrington*, 9
B. & C. 59;  *Load* v. *Green*, 15 Mee. & W. 216.)   The
decisions of this Court sustain the doctrine.   (*Seligman* v.
*Kalkman*, 8 Cal. 207 ;  *Sargent* v. *Strum*, 23 Cal. 359.)

The appellant assumes the ground that plaintiffs can take
no advantage of any admissions in the answer, unless the
separate plea purports to answer the entire complaint, and
that " a pleading cannot be used as evidence in the case, and
an admission in pleading is only to be regarded in connec-
tion with the particular defence in which it occurs; as to
other defences, it has no effect."   This is novel doctrine in
our Courts, and when the pleadings are sworn to, unprece-
dented, we believe, everywhere else.   A solemn admission
in pleadings is the highest species of evidence; and this
Court has gone so far as to hold that a sworn allegation

made in one case may be used as evidence against the party making the admission in another and a different suit. (*Shafter* v. *Richards,* 14 Cal. 126 ; 1 Greenl. Ev., Sec. 527.)

The intimations thrown out by this Court, that in actions of law the record should not be incumbered with probative facts, cannot apply to a case like this. Besides, replevin, as used at common law, is unknown in this State. We have no distress for rent, and consequently no replevy by the tenant. Our statute abolishes distinctions between actions, and *requires* a statement of the facts in ordinary and concise language. This has been done, and nothing more. We stated just exactly the *ultimate* facts we would have been required to prove. (*Halleck* v. *Mixer,* 16 Cal. 574 ; *Hunter* v. *Hudson,* 20 Barb., S. C., 493.)

By the Court, SHAFTER, J. :

This action is for the claim and delivery of two quarter casks of brandy and twenty-five cases of champagne. The complaint is not drawn in the manner usually adopted in cases of replevin, but approximates a bill in equity with a double aspect. The different aspects, however, are so over-lapped and jumbled that it is difficult to ascertain the real grounds of the plaintiffs' claim, or to forecast the possibilities of the controversy which they invite. It may be assumed, however, that the complaint charges, in substance, that the plaintiffs are the owners of the goods, and that they are entitled to possess them, and that they were wrongfully in the possession of the defendants, who, on demand made, refused to deliver them. The answer denies the plaintiffs' title and the wrongful withholding, and avers that the goods are the property of the defendants. There is a further and distinct answer, in the nature of a counter statement rather than of a confession and avoidance, which counter statement, in the judgment of the pleader, constituted a defence to the action. The plaintiffs moved for judgment on the pleadings ;

the motion was granted, and the appeal is from the judgment.

Nothing contained in the special defence, it is to be observed, was available to the plaintiffs on motion for judgment on the pleadings under the issues raised by the denials; nor would it have been otherwise had the entire cause of action been confessed in the special defence. We had occasion to consider that question in *Siter* v. *Jewett*, 33 Cal. 92, and we held that, "where there are several answers, an admission made in one is not available in proof of issues raised by the others." Whatever doubt may exist as to the true result of the pleadings in this case comes of the fact that the plaintiffs have presented their case in two parallel sets of allegations. In the first set the plaintiffs aver that the title to the goods and the right of possession are in them, and that the property is wrongfully detained by the defendants; in the second set, the particular grounds upon which the title and right of possession are claimed to be in the plaintiffs, and on which the detention of the goods is claimed to be unlawful, are set forth in detail. There can be no question, however, that the more general statement was sufficient for all the purposes of pleading, nor that a denial of it put the plaintiffs upon their proof as a prerequisite to judgment. The second or detailed statement was but the first in minute analysis. But facts are not to be, or at least need not be, separated entirely from the laws by the pleader; nor could they be without great and most damaging prolixity. In this, as well as in most things, theory and practice are compelled to meet each other half way for the sake of attainable good. The last analysis between fact and law is usually made by the Judge at the trial. The allegations of the second statement may be admitted to be issuable; but so are the larger allegations of the first, which comprehend them. The defendants were at liberty to reply to either set, but it was not necessary for them to reply to both, in order to shield themselves against a judgment on the pleadings.

The judgment must be reversed, and we deem it proper

under the circumstances to award a new trial.  But as a step preparatory to such new trial, it would be well for the plaintiffs to amend their complaint so that the questions to be controverted, whether of law or fact, may be presented with proper certainty and distinctness.

Judgment reversed and new trial ordered.

Mr. Justice RHODES expressed no opinion.