## JOSEPH R. CORWIN v. JOHN B. WARD AND HORACE M. VESEY.

SET OFF OF ONE JUDGMENT AGAINST ANOTHER.—A person may receive the money due on a judgment rendered in favor of himself and several others, co-plaintiffs, but he cannot, without authority from his co-plaintiffs, set off a judgment due to him and them jointly against another judgment held by the defendant in such joint judgment against himself alone.

FIVE PER CENT DAMAGES ON COSTS.—The Act authorizing five per cent damages to be taxed as costs against the losing party in litigated cases in San Francisco, is not unconstitutional.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

On the 31st day of July, 1860, Darwin D. Mann recovered a judgment in the District Court, Alameda County, against the defendants, Ward and Vesey, for five hundred and fifty dollars damages, and two hundred and sixty-six dollars costs. On the 30th day of March, 1864, Mann assigned the judgment to Thomas W. Mulford, and on the 26th day of Decem-

ber, 1864, Mulford assigned it to the plaintiff Corwin. On the 6th day of March, 1865, Corwin commenced the present action to recover judgment for the amount due on said judgment. Ward, as one of the defenses on which he relied, stated in his answer that on the 14th day of October, 1859, in the same Court, Juana M. Estudillo, Maria Jesus Davis, wife of William H. Davis, Conception A. Ward, wife of John B. Ward, John B. Ward, defendant herein, José Ramon Estudillo, José Antonio Estudillo, José Vicente Estudillo, José Luis Estudillo, Maria Dolores Estudillo, Magdalina Estudillo, and Jesus Maria Estudillo, recovered judgment against said Mann for one thousand one hundred and twenty-five dollars and fifty-two cents, and "that thereafter, on or about the 15th day of November, A. D. 1862, at said County of Alameda, and while said judgment against said Mann was in full force and effect, not reversed, satisfied, or otherwise vacated, the said plaintiffs in said action last aforesaid, and the said Darwin D. Mann, in consideration of the mutual promises on the part of each to the other, to be paid, kept, and performed, then and there mutually agreed that the said judgment of said Juana M. Estudillo and others against said Darwin D. Mann, and of said Darwin D. Mann against John B. Ward and Horace M. Vesey, should offset and cancel one another—that is to say, that the said plaintiffs, Juana M. Estudillo and others should satisfy and discharge their said judgment against said Mann, in consideration that said Mann should satisfy and discharge his said judgment against said John B. Ward and Horace M. Vesey."

Defendant Vesey pleaded a discharge in insolvency proceedings. The plaintiff recovered judgment against defendant Ward for the sum of one thousand two hundred and five dollars and twenty-four cents damages, and sixty dollars and twenty-six cents, being five per cent on the damages recovered, and costs of suit. Defendant Vesey had judgment for his costs. Ward appealed.

The other facts are stated in the opinion of the Court.

*McCullough & Boyd*, for Appellant.

As one of the judgment creditors, Ward had authority to receive the amount of the judgment and give a release. His satisfaction piece, though in his own name alone, would have been sufficient to satisfy the judgment of record. And, certainly, his agreement to satisfy—his agreement to consider the judgment paid and satisfied,when especially followed up by a failure to attempt to enforce it on the part of his co-judgment creditors—is equally conclusive as against the debtor. (*People* v. *Keyser*, 28 N. Y. 231, 234.)

The judgments, both at law and in equity, could have been set off against each other. (*Mitchell* v. *Oldfield*, 4 Term R. 123; *Simson* v. *Hart*, 14 Johns. 62; *Graves* v. *Woodbury*, 4 Hill, 560.) And Corwin, the assignee and respondent, here took, subject to the equities existing between Ward and Mann. (*Wright* v. *Levy*, 12 Cal. 257; *Ins. Co.* v. *Power*, 3 Paige Ch. 365; *Graves* v. *Woodbury*, 4 Hill, 560.)

The penalty or percentage of sixty dollars and twenty-six cents is also wrong. It is presumed it is levied under the statutes of 1858 and 1866. (Bancroft's Practice Act, 465, note; Statutes 1866, p. 68, Sec. 6.)

This provision is applicable only to the City and County of San Francisco. No such and no similar provision can be found in any of the fee bills of the State applicable to any other county. The winning party in San Francisco to a litigated case always gets a five per cent on his judgment, not exceeding one hundred dollars, which a winning party in Alameda cannot recover; while the losing party in San Francisco is forced to pay the said amount, which in Alameda he would be exempt from. Suitors the State over should be on the same footing. By section eleven, Article I of the Constitution, "all laws of a general nature shall have a uniform operation." This law is of a general nature; it should be uniform in its operation. "Such laws shall bear equally in their burdens and benefits upon persons standing in the same category." (*Smith* v. *Judge of Twelfth Dist.* 17

Cal. 554; *French* v. *Teschemaker*, 24 Cal. 544; *Bourland* v. *Hildreth*, 26 Cal. 255.)

*James McCabe*, for. Respondent.

The preponderance of evidence is *clearly* against the assumption that there was an *agreement* to set off one judgment against the other. And the District Judge must have been convinced that at least Ward had not supported, by proof, the affirmative of the issue he made upon that point; otherwise, the Judge must have found the other way. The rule is too clear to require argument or authority: that where the testimony is conflicting, this Court will not interfere with the findings of fact by a jury or the lower Court.


By the Court, SAWYER, C. J.:

Ward might receive the money due on the judgment in favor of himself and several other co-plaintiffs. But he could not, without authority from his co-plaintiffs, set off a judgment due to them jointly, against another judgment held by the defendant in such joint judgment against himself ·alone. Receiving payment in money of the amount due on a judgment, is a very different thing from an executory agreement to set off another judgment against it. One requires no special authority from the co-plaintiffs; the other does. In this case, no authority from his co-plaintiffs is shown in Ward, to set off the judgment in their favor *jointly* against the judgment against Ward *alone*. Besides, on the question of an agreement to set off one judgment against the other, the testimony was directly in conflict, and the Court found the facts, and, we are inclined to think, correctly, in favor of the plaintiff.

We see no constitutional objection to the Act which authorizes five per cent damages to be taxed as costs against the losing party in litigated cases in San Francisco. (Stats. 1858, p. 332, Sec. 7; Stats. 1866, p. 68, Sec. 6.) It operates equally

and uniformly upon all parties in the same category—upon all upon whom it acts at all—that is to say, upon parties in the City and County of San Francisco, where the cause was litigated. It is constitutional according to the authorities cited by the appellant to sustain the opposite view. (*Bourland* v. *Hildreth,* 26 Cal. 256; *French* v. *Teschemaker,* 24 Cal. 544.)

Judgment affirmed, and remittitur directed to issue forthwith.