No. 2,318.

PHILEMON PROST, Respondent, v. THOS. WALLACE MORE, Appellant.

PLEADING.—ANSWER.—ILLEGAL CONTRACT.—Where facts showing the illegality of a contract sued upon, are sufficiently alleged in the answer, the plaintiff cannot recover upon the pleadings, although such facts are not pleaded or insisted upon as a defence.

VOID CONTRACT.—A contract void in part and of such a nature that the good cannot be separated from the bad, and the part which is good enforced, is an entire contract, and void.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The facts are stated in the opinion.

*Pringle & Pringle,* for Appellant.

*Jarboe & Harrison,* for Respondent.

TEMPLE, J., delivered the opinion of the Court:

This suit is brought upon three promissory notes for $250 each, executed by More in favor of B. Bonnet & Co., by whom they were assigned to plaintiff. The answer admits the execution of the notes, but sets up that they were executed in pursuance of a contract between B. Bonnet & Co. and defendant, in which defendant purchased the tools, utensils and material of Bonnet & Co., used in the asphaltum business, and also said business; and also, as a part of the same contract, said Bonnet & Co. bound themselves in writing not to carry on the business in the city and county of San Francisco, or State of California; that the tools, utensils and materials purchased were of small value and had been more than paid for at the time the notes were executed, and that the notes were given on account of the contract of Bonnet & Co. to abstain from said business; that at the time of the assignment and delivery of the notes to plaintiff, he had full notice of the matters set out by way of defence in the answer. The consideration paid for the

material purchased, the business and good will and the contract of Bonnet & Co., was an entire sum of $2,000.

The plaintiff moved for judgment on the pleadings. The motion was granted and judgment entered accordingly, and the defendant appeals.

The contract set up in the answer in this case is the same contract considered by us in the case of *More* v. *Bonnet* at this term, and there held void as against public policy— being in restraint of trade. The defendant in this action did not plead the illegality of the contract, nor does he contend that it is illegal here, probably because he was endeavoring to enforce the contract as valid in the case of *More* v. *Bonnet.* All the facts, however, showing the illegality of the contract, appear in the answer, and it further appears that the notes were given in part consideration of the illegal contract in restraint of trade. The contract is evidently an entire contract, and therefore, being void in part, is entirely void and cannot be enforced. *(Roby* v. *West,* 4 N. H., 290; *Crawford* v. *Morrell,* 8 Johns., 253; *Mechelen* v. *Wallace,* 7 Ad. & E., 49; *Thomas* v. *Williams,* 10 B. & C., 671). The contract is not one in which the good can be separated from the bad, and the part which is good enforced. There are no different valuations fixed for the merchandise, the good will, or for the covenant not to to engage in business in California.

Although these facts are not pleaded or insisted upon as a defence, still they are sufficiently alleged, and it would be manifestly unjust to hold that the defendant cannot enforce his contract against Bonnet because of its illegality, but that Bonnet or plaintiff, who took the notes, charged with notice of the infirmity inherent in them, can collect the consideration for that illegal contract from More.

Judgment reversed and cause remanded.