[Sac. No. 1829. Department One.—August 31, 1910.]

## ORLINTO CASCI, Respondent, v. PELLIGRINI OZALLI and TELUIDA OZALLI, Appellants.

ACTION TO QUIET TITLE—ALLEGATIONS OF OWNERSHIP AND POSSESSION DENIED—IMPROPER JUDGMENT UPON PLEADINGS.—In an action to quiet title to an undivided one-fourth interest in a mining claim described, in which the material allegations of ownership and possession thereof were specifically denied in the answer, such allegations were of facts material to the cause of action of the plaintiff, which must be established by proof or admission to entitle him to recover; and in this condition of the pleadings, it was error to grant a motion for judgment upon the pleadings.

APPEAL from a judgment of the Superior Court of Nevada County. George L. Jones, Judge.

The facts are stated in the opinion of the court.

Thomas S. Ford and Ed. V. Henley, for Appellants.

J. M. Walling, for Respondent.

SHAW, J.—In the court below, upon motion of the plaintiff, judgment was entered upon the pleadings in favor of the plaintiff and against the defendants, with respect to the mining claim designated as the Gold Ridge Gravel Mine. Defendants appeal from this part of the judgment. The complaint asserted title to another mining claim known as the Gold Ridge Extension Gravel Mine, but plaintiff afterwards disclaimed any interest therein and judgment was given in favor of the defendants with respect to that mine. As to that part of the judgment no controversy arises, the appeal being solely from the other part thereof.

The complaint was in two counts, the first count alleging that the plaintiff was the owner of an undivided one-fourth interest in the Gold Ridge Gravel Mine described therein, and that the defendants claimed and asserted an interest therein adverse to the plaintiff's, which claims of the defendants were without right. The second count averred that the plaintiff was the owner and in possession of the same interest in the same mining claim, that the defendant Pelligrini Ozalli, claiming to act under an invalid power of attorney from the plaintiff, had executed to his co-defendant, Teluida Ozalli, a deed purporting to convey the plaintiff's interest therein to said Teluida Ozalli, and that this deed was ineffective to convey the plaintiff's interest, but that, nevertheless, the said defendant claims title thereunder. The prayer was that the deed be declared invalid and that the plaintiff's title be quieted against the claims of the defendants. The answer, with respect to the first count, denied that the plaintiff is or ever was the owner of the mining claim described. As to the second count it denied that the plaintiff is or ever was the owner, or in possession, or entitled to the possession of the mining claim, or any interest therein, or any portion thereof.

The allegation that the plaintiff was the owner and in possession of the interest in the mining claim described was an allegation of facts material to the cause of action of the plaintiff. (*Payne* v. *Treadwell*, 16 Cal. 243; *McCarthy* v. *Yale*, 39 Cal. 586; *Johnson* v. *Vance*, 86 Cal. 130, [24 Pac. 863].) It was necessary for the plaintiff to establish ownership or possession, either by proof or admission, in order to entitle him to recover. The denial in the answer that he was either the owner or in possession of this, or of any, interest in the mining claim, put these facts directly in issue and made it necessary for the plaintiff to introduce evidence thereof before he could become entitled to judgment. In this condition of the pleadings it was error to grant a motion for judgment on the pleadings. (*Nudd* v. *Thompson*, 34 Cal. 47; *Prost* v. *More*, 40 Cal. 347; *Amador Co.* v. *Butterfield*, 51 Cal. 526; *Hicks* v. *Lovell*, 64 Cal. 17, [49 Am. Rep. 679, 27 Pac. 942]; *Bolto* v. *Vandament*, 67 Cal. 333, [7 Pac. 753]; *Martin* v. *Porter*, 84 Cal. 479, [24 Pac. 109]; *Derby* v. *Jackman*, 89 Cal. 3, [26 Pac. 610]; *Norris* v. *Lilly*, 147 Cal. 757, [109 Am. St. Rep. 188, 82 Pac. 425].) Because of this error it is necessary that the part

of the judgment involved in the appeal be reversed. The portion thereof declaring the defendants the owners of the undivided one-fourth interest in the Gold Ridge Extension Gravel Mine will not be affected by this reversal.

The judgment in favor of the plaintiff with respect to the Gold Ridge Gravel Mine is reversed.

Angellotti, J., and Sloss, J., concurred.