[Civ. No. 3083. Second Appellate District, Division One.—May 3, 1920.]

## M. G. HILL, Respondent, v. M. MOORE et al., Appellants.

[1] PLEADING — ACTION ON PROMISSORY NOTE — SUFFICIENCY OF ANSWER.—In an action upon a promissory note, it is error to enter judgment against the defendants upon the pleadings where their answer not only contains an express denial of the material allegation contained in the complaint as to nonpayment, but specifically alleges that the entire amount of principal and interest due upon the note has been fully paid.

[2] ID.—MOTION FOR JUDGMENT — AFFIRMATIVE DEFENSES DEEMED TRUE.—Upon a motion for judgment upon the pleadings, all matters affirmatively set up in the answer of the defendants must be deemed to be true.

[3] ID.—CONSIDERATION—AGREEMENT TO RELEASE DEFENDANTS FROM PAYMENT—SUFFICIENCY OF DEFENSE.—In an action upon a promissory note, proof that a part of the consideration for defendants' transfer and assignment of a certain lease was plaintiff's agreement to release them from the payment of the note sued on would constitute a sufficient defense to plaintiff's right to recover.

APPEAL from a judgment of the Superior Court of Imperial County. E. A. Luce, Judge presiding. Reversed.

The facts are stated in the opinion of the court.

Conkling & Brown for Appellants.

Dan V. Noland and J. S. Larew for Respondent.

SHAW, J.—Appeal by defendants from a judgment entered against them upon the pleadings.

47 Cal. App.—23

The action was upon a promissory note for six hundred dollars, the making of which is admitted. Defendants in their answer not only denied the allegation of the complaint "that no part of the principal sum, nor interest, or attorney's fee therein provided, has been paid," but affirmatively alleged that the whole thereof has been fully paid, and denied "that the whole thereof, or any part thereof, is now due or owing or unpaid." And, as a further defense, alleged that the note in question was given as a part of the consideration in the purchase of a lease of real estate transferred by plaintiff to defendants, and that thereafter defendants sold and assigned their interest in the said lease and the crops growing upon the demised premises to F. M. Griffith and H. W. Thompson, and that as a part of the consideration for the sale and transfer thereof so made, plaintiff at the time agreed with defendants that they should be released from the payment of said six hundred dollar note, which should be returned to them.

[1] It thus appears the answer not only contained an express denial of the material allegation contained in the complaint as to nonpayment, but specifically alleged that the entire amount of principal and interest due upon the note had been fully paid. This alone constituted a sufficient defense to the allegations of the complaint. [2] Moreover, the matters affirmatively set up in the answer must, under the motion for judgment upon the pleadings, be deemed to be true. (*McGowan* v. *Ford,* 107 Cal. 177, [40 Pac. 231]; *Bradford Investment Co.* v *Joost,* 117 Cal. 211, [48 Pac. 1083].) [3] And since it is alleged that a part of the consideration for defendants' transfer and assignment of the lease was plaintiff's agreement to release them from the payment of the note, proof of such fact would constitute a sufficient defense to plaintiff's right to recover on the note.

That the court erred in granting plaintiff's motion for judgment on the pleadings, followed by entry of the judgment therein, admits of no possible question.

The judgment is therefore reversed.

Conrey, P. J., and James, J., concurred.