[S. F. No. 11694. In Bank.—January 24, 1928.]

CLARENCE P. CUNEO, Respondent, v. W. H. LAWSON et al., Defendants.

S. SCATENA, Cross-complainant and Appellant, v. BANK OF ITALY et al., Cross-defendants and Respondents.

John L. McNab for Appellant.

Louis Ferrari and J. J. Posner for Respondent Clarence P. Cuneo and Bank of Italy.

Haven, Athearn, Chandler & Farmer and Edwin V. McKenzie for Respondent W. H. Lawson et al.

THE COURT.—In this cause judgment was had on the pleadings in favor of plaintiff and against defendant S. Scatena, which defendant has appealed. The complaint de-

clares for the balance due from defendants upon a promissory note dated May 26, 1921, and due August 6, 1921, for the principal sum of $30,000, with interest at seven per cent, payable to the Bank of Italy, together with appropriate allegations of assignment for a valuable consideration by the Bank of Italy of said note to the plaintiff.

The defendants Lawson and Perelli-Minetti demurred to said complaint but the record shows no action upon the demurrer and no mention is made of these defendants in the further proceedings in the cause. The defendant S. Scatena answered said complaint, denying or attempting, at least, to deny only the assignment by the Bank of Italy to the plaintiff of said promissory note; also set up an alleged counterclaim and alleged cross-complaint, which said cross-complaint undertook to make the Bank of Italy a party cross-defendant in the action. Thereupon plaintiff filed a general demurrer to the cross-complaint and a general demurrer to the counterclaim set up in the answer, and the Bank of Italy filed a general demurrer to the cross-complaint, but plaintiff filed no demurrer of any kind to the answer proper. Later and on June 5, 1925, the court made a minute order sustaining the demurrers without leave to amend, and as a part of the same minute order directed that plaintiff's motion theretofore filed for judgment on the pleadings be granted. This action by the court was followed on the same day by a judgment which decreed that the "demurrers and each of them to said amended answer, counterclaim and cross-complaint be and the same are hereby sustained without leave to amend," and then provided for judgment in favor of the plaintiff and against said defendant Scatena on said promissory note for the sum of $6,223.59, plus $496.15 interest, and judgment in favor of the Bank of Italy as cross-defendant and against said defendant for costs in the sum of $2.

On this appeal defendant and appellant Scatena asserts that the judgment on the pleadings against him was improper and for that reason it must be reversed. We agree with said appellant in this contention. In fact, the sole answer to it made by respondents is that the denials in the answer of the assignment of the cause of action to the plaintiff are in themselves insufficient. The answer in this connection contains three paragraphs, as follows:

"Avers that he has no information or belief sufficient to enable him to answer the allegations contained in paragraph V of plaintiff's complaint, and basing his denial on said ground he denies that prior to the commencement of this action, or at any time, the said Bank of Italy, for a valuable or any consideration whatever, duly or otherwise, either assigned, transferred or delivered the said note to the plaintiff;

"Denies that the plaintiff is now the owner or holder of said promissory note, and on said ground denies that said note has ever been endorsed or assigned to the plaintiff;

"Denies that said plaintiff has any interest whatsoever in said promissory note or in the cause of action set forth in plaintiff's complaint, and defendant alleges that plaintiff has not the capacity to sue in said action and is not the proper party plaintiff therein."

It requires no citation of authority to declare that the above-mentioned denials put in issue the assignment to the plaintiff of the promissory note and cause of action sued upon. The pleader denies the right of plaintiff from any standpoint to bring this suit. Any mere ambiguity in the pleadings is without significance in the situation before us. Plaintiff cannot maintain the suit without proof of the assignment to him of the right to sue upon the note.

It is elementary that on a motion for judgment on the pleadings every allegation affirmatively set up in the answer must be deemed true (*Hill* v. *Moore,* '47 Cal. App. 353 [190 Pac. 651]; *McGowan* v. *Ford,* 107 Cal. 177 [40 Pac. 231]; *Bradford Investment Co.* v. *Joost,* 117 Cal. 211 [48 Pac. 1083]).

As the answer sets up a good defense and denies material allegations of the complaint, it was sufficient as against a general demurrer, and the plaintiff was not entitled to judgment on the pleadings. (*Neale* v. *Morrow,* 174 Cal. 49, 54 [161 Pac. 1165].)

In the case of *Casci* v. *Ozalli,* 158 Cal. 282, 283, 284 [110 Pac. 932, 933], it is said: "The allegation that the plaintiff was the owner and in possession of the interest in the mining claim described was an allegation of facts material to the cause of action of the plaintiff. (*Payne* v. *Treadwell,* 16 Cal. 243; *McCarthy* v. *Yale,* 39 Cal. 586; *Johnson* v. *Vance,* 86 Cal. 130 [24 Pac. 863].) It was necessary for the

plaintiff to establish ownership or possession, either by proof or admission, in order to entitle him to recover. The denial in the answer that he was either the owner or in possession of this, or of any, interest in the mining claim put these facts directly in issue and made it necessary for the plaintiff to introduce evidence thereof before he could become entitled to judgment. In this condition of the pleadings it was error to grant a motion for judgment on the pleadings. (*Nudd* v. *Thompson*, 34 Cal. 47; *Prost* v. *More*, 40 Cal. 347; *Amador Co.* v. *Butterfield*, 51 Cal. 526; *Hicks* v. *Lovell*, 64 Cal. 14, 17 [49 Am. Rep. 679, 27 Pac. 942] ; *Botto* v. *Vandament*, 67 Cal. 333 [7 Pac. 753] ; *Martin* v. *Porter*, 84 Cal. 479 [24 Pac. 109] ; *Derby* v. *Jackman*, 89 Cal. 3 [26 Pac. 610] ; *Norris* v. *Lilly*, 147 Cal. 757 [109 Am. St. Rep. 188, 82 Pac. 425].) Because of this error it is necessary that the part of the judgment involved in the appeal be reversed.''

In the case of *Cass* v. *Rochester*, 174 Cal. 358, 362 [163 Pac. 212, 213], a situation similar to the one before us was under consideration, and there this court said: ''There is still a further ground of objection to the granting of judgment on the pleadings. Defendant denied the transfer and assignment of the automobile by the Motor Company to the plaintiff. An assignment by the Motor Company of its interest in the automobile was not a matter that was presumably within the knowledge of the defendant. A denial for want of information or belief was, therefore, sufficient to raise an issue. (*Jensen* v. *Dorr*, 159 Cal. 742, 747 [116 Pac. 553].) The fact that in the counterclaim the defendant may have made admissions inconsistent with this denial does not impair its effect. A defendant has the right to plead inconsistent defenses, and if one of them denies material allegations of the complaint judgment cannot be rendered on the pleadings, even though the matter thus denied may be admitted in another defense. (*Nudd* v. *Thompson*, 34 Cal. 39; *Botto* v. *Vandament*, 67 Cal. 332 [7 Pac. 753].)'' It will be noted that in the case quoted next above is found express authority for the proposition that denials of this character may be made upon information and belief. See, also, *Norris* v. *Lilly*, 147 Cal. 754, 757 [109 Am. St. Rep. 188, 82 Pac. 425].)

█ For the benefit of the court below, to whom this action must go for further proceedings, it is necessary to allude to the contention of respondents that neither the counterclaim urged nor the cross-complaint filed states a cause of action as a counterclaim or as a cross-complaint. Giving the combined counterclaim and cross-complaint the construction most favorable to defendant, it is in substance that the Bank of· Italy, to whom the promissory note declared upon was owing, was served with a notice by said defendant that certain money, the owner of which is not stated, would be placed on deposit to the joint account of the three defendants herein named, and when so deposited it should be used only in the payment of the balance due upon and in the discharge of said promissory note, and that said Bank of Italy, in disregard of this notice, permitted the other two defendants jointly interested in said deposit to abstract a portion thereof, to wit, $10,000, and that had it been applied as directed the promissory note in suit would have been paid and discharged; that the plaintiff in this action is the agent of the Bank of Italy, which bank has in reality never parted with title, legal or equitable, to said note; that by reason of the permitting of the withdrawal of said sum of $10,000 appellant has had to carry on with the other two defendants expensive litigation (without mentioning the amount of such expense) in an attempt to obtain an accounting between himself and his said co-defendants respecting said $10,000. This litigation is apparently still pending and undetermined and we are not even given a prognosis of the result thereof. The counterclaim concludes with a prayer for $10,000 as against the plaintiff and the cross-complainant prays that the Bank of Italy be brought in as a party cross-defendant to the litigation and that it be decreed that the bank was the real plaintiff in the action and that the regular plaintiff had no interest therein and that defendant and cross-complainant have judgment against the Bank of Italy for the sum of $10,000 and for general relief.

█ In our opinion the demurrers to the counterclaim and cross-complaint were properly sustained without leave to amend. The attempted set-off was not available in this action to the defendant for the following reasons: (1) In an action upon a several obligation the defendant may not set

up as a counterclaim a demand or debt in which others than the defendant are beneficially interested. (*Wood* v. *Brush,* 72 Cal. 224, 226 [13 Pac. 627]; *Corwin* v. *Ward,* 35 Cal. 195, 198 [95 Am. Dec. 93]; *Howard* v. *Shores,* 20 Cal. 278, 282; *Flynn* v. *Seale,* 2 Cal. App. 665, 670 [84 Pac. 263]; 23 Cal. Jur. 260, sec. 34.) The test is whether the defendant could have maintained an independent action on the demand attempted to be set off. (*Roberts* v. *Donovan,* 70 Cal. 108, 112 [9 Pac. 180, 11 Pac. 599].) If not, then it cannot be said to constitute a counterclaim "existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action," as required by the provisions of section 438 of the Code of Civil Procedure. ▮ (2) As a cross-complaint the action does not grow out of nor is it in anywise connected with the action declared upon in the complaint and fails to meet the requirements of section 442 of the Code of Civil Procedure. ▮ As a counterclaim it does not grow out of the transaction set forth in the complaint as the foundation of plaintiff's claim, nor is it an action upon a contract or for the breach of a contract, and hence it is insufficient under either subdivision 1 or 2 of section 438 of the Code of Civil Procedure as that section stood prior to the amendment of 1927 [Stats. 1927, p. 1620]. ▮ Also, it is self-evident that the assignee of a promissory note cannot be subjected to a personal judgment by way of a counterclaim against the assignor of the note.

The judgment is reversed.

Preston, J., and Langdon, J., being disqualified, did not participate in the decision.

Rehearing denied.

All the Justices present concurred.