[Civ. No. 8051. First Appellate District, Division Two.—November 17, 1931.]

PAUL E. DVORSKY, as Executor, etc., Respondent, v. J. W. BALKUM, as Executor, etc., Appellant.

Nimmo, Leighton & Heath, E. B. Howell and Mark A. Hall for Appellant.

Charles S. McKelvey for Respondent.

STURTEVANT, J.—From a judgment in favor of the plaintiff quieting his title to a lot in Los Angeles the defendant has appealed. The plaintiff filed a complaint describing the lot and inserted the ordinary allegations of a cause of action to quiet title. The defendant filed an answer in which he alleged his title and interest and in which he denied the plaintiff's allegation "that the defendant's claim is without right", etc. He also alleged: "That the said James W. Dvorsky and Hallie Byrd Dvorsky intermarried on the 18th day of June, 1924; that at said time the said James W. Dvorsky had certain separate property and was engaged in buying and selling real estate, mortgages, trust deeds and other similar securities in Los Angeles county; that the property described in the complaint is only one parcel of the property so acquired by said James W. Dvorsky during said marriage state; that he continued to carry on said business until the time of his death and made very large profits therein, which were much in excess of the income which the said separate property put at interest would have brought; that the said Hallie Byrd Dvorsky had a community interest in said excess of income, and that the amount of such community interest and the particular property in which the same was invested, and whether any part thereof was invested in the property described in the complaint, are matters concerning which the defendant has no certain knowledge or information, and that it is necessary for their ascertainment that plaintiff be required to give an accounting concerning each and all of such investments." At the same time the defendant filed a cross-complaint in which he alleged that after the marriage of Mr. and Mrs. Dvorsky the husband made a large amount of earnings and that he commingled

them with his separate property; that the husband died October 2, 1928, and the wife died December 11, 1928; that he does not know the amount of the community property; and, thereupon, he asks for an accounting. The plaintiff filed an answer to the cross-complaint in which he denied the material allegation therein contained and in which he pleaded a prenuptial contract as follows: "This article of agreement made and entered into by and between James W. Dvorsky of Los Angeles City and County, State of California, the party of the first part, and Mrs. H. B. Balkum, also of Los Angeles City and County, State of California, the party of the second part, both of legal age and sound mind, witnesseth: Whereas the above parties. contemplate matrimonial union and each have children by former marriages and each have more or less property, monies and credits of their own, it is hereby mutually agreed that each shall retain absolute ownership of such properties, monies and credits of whatsoever kind as their separate property, and that at no time shall either have or claim any interest in and to any property, monies or credits of the other except real estate that may be hereafter acquired as community property and designated as such in grant deed at time of purchase of same, and at death of either of us the property, monies and credits of such deceased shall pass to the children of such deceased party. This contract mutually agreed to by and between the parties hereto shall be binding on both parties statutes to the contrary notwithstanding.

"Signed this 17th day of June, 1924.

"JAMES W. DVORSKY<br>
"MRS. H. B. BALKUM."

Thereafter the defendant filed an affidavit in which he denied the genuineness and due execution of the above contract. Shortly thereafter the plaintiff made a motion for judgment on the pleadings. The motion was granted and from that judgment this appeal was taken.

Under the foregoing pleadings the court could have been asked to hear the evidence and ascertain the fact as to whether any community property was acquired by Mr. and Mrs. Dvorsky during their marriage; if so, whether any of it was used to pay off any liens theretofore existing on the lot in suit or in making improvements thereon, and

if so, how much. Similar questions would arise of and regarding the prenuptial contract. After having determined those facts, and not until then, the trial court would have been in a position to know whether in truth and in fact the defendant did have any claim, in law or in equity, and if so, the nature and the amount thereof.

■ The fact that some of the community property was commingled with the separate property of Mr. Dvorsky did not operate to transfer it beyond the reach of the law. (*Van Camp* v. *Van Camp*, 53 Cal. App. 17 [199 Pac. 885], and cases there cited.) Indeed, we do not understand the plaintiff to contend to the contrary. ■ But he earnestly contends that the defendant did not plead a commingling. With that contention we cannot agree. He may not have done so in the clearest terms, but there was surely an attempt to do so. ■ A motion for judgment on the pleadings presents a question of entire absence of allegations but not the mere form of such allegations. (*Cuneo* v. *Lawson*, 203 Cal. 190, 193 [263 Pac. 530].) In other words, it may be, in legal effect, a general demurrer but not a special demurrer to any of the pleadings.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.