[Civ. No. 12155. Second Appellate District, Division Two.—February 9, 1939.]

JENNIE E. OSBORNE et al., Appellants, v. GERARD ABELS, Respondent.

730

J. E. Light for Appellants.

Halverson & Halverson for Respondent.

CRAIL, P. J.—This is an appeal from a judgment against the plaintiffs upon their own motion for a judgment upon the pleadings, which motion was joined in by the defendant. The action was under section 3412 of the Civil Code of California for the purpose of setting aside and declaring of no effect three instruments—a trustee in bankruptcy's deed, a declaration of ownership under said deed and a claim of a judgment lien. The question for this court to determine on appeal is whether the answer set up any valid defense.

"A motion for judgment on the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer: A demurrer for the reason that it attacks the sufficiency of the pleadings, and a motion for the reason that it is an application for an order for judgment." (49 C. J. 668, sec. 945.) "It is elementary that on a motion for judgment on the pleadings every allegation affirmatively set up in the answer must be deemed true. (*Hill* v. *Moore*, 47 Cal. App.

353 [190 Pac. 651]; *McGowan* v. *Ford,* 107 Cal. 177 [40 Pac. 231]; *Bradford Investment Co.* v. *Joost,* 117 Cal. 204, 211 [48 Pac. 1083].) As the answer sets up a good defense and denies material allegations of the complaint, it was sufficient as against a general demurrer, and the plaintiff was not entitled to judgment on the pleadings. (*Neale* v. *Morrow,* 174 Cal. 49, 54 [161 Pac. 1165].)'' (*Cuneo* v. *Lawson,* 203 Cal. 190, 193 [263 Pac. 530].) ''On plaintiff's submission on the pleadings without evidence, the allegations of the answer are to be taken as true. And where a case is submitted on a verified petition and answer, and no testimony is adduced, the allegations of the answer are to be taken as true.'' (49 C. J. 670, sec. 946.) ■ The party moving for judgment on the pleadings also admits the untruth of his own allegations in so far as they have been controverted. (*Coe* v. *Bennett,* 39 Idaho, 176 [226 Pac. 736].)

■ One without any title or interest in the property cannot maintain such an action. (22 Cal. Jur. 113, sec. 6.) ''It is a cardinal doctrine that the plaintiff in an action to determine adverse claims must recover upon the strength of his own title and not upon the weakness of the defendant's.'' (22 Cal. Jur. 167, sec. 42.) Want of title in the plaintiff is a defense to such an action. (22 Cal. Jur. 122, sec. 11; *City of San Diego* v. *Allison,* 46 Cal. 162.)

■ The plaintiffs allege that the defendant for a consideration of $100 purchased a deed from the referee in bankruptcy and made a copy of said deed a part of the complaint as ''Exhibit A''; that thereafter the defendant made an affidavit and declaration of ownership under said deed, which he had recorded in the county recorder's office, and said declaration is attached as plaintiffs' ''Exhibit B'' and made a part of the complaint; that thereafter the defendant made an affidavit and claim of lien under and by virtue of two judgments, which they made a part of the complaint as plaintiffs' ''Exhibit C''; that the defendant, knowing that he had no title or interest in any of the property described in said declaration of ownership, executed and recorded the same for the purpose and with the intent to place a cloud upon the property described therein and to annoy and harass the owner of said property and to prevent the free and proper sale and conveyance of any of said property; that the plaintiffs and each of them owns property described in said declara-

tion of ownership; that the defendants at the time of procuring said deed well knew that said bankrupt estate owned no property or interest in said property and said deed was procured for the purpose of blackmailing the title to said property by means of the declaration of ownership set forth in plaintiffs' "Exhibit B"; and that plaintiffs have suffered damage by reason thereof; wherefore plaintiffs prayed judgment that the three instruments set forth in the complaint be adjudged and declared to be null and void.

The answer denies each and every allegation of the complaint not thereinafter expressly admitted or otherwise denied, and it does not admit any title or ownership of any of the property referred to in the plaintiffs. Under paragraph VIII, it specifically "denies that the plaintiffs or either of them own any of the property described in said declaration of ownership". The answer then sets up title to the lands described in "Exhibit B" by purchase through a deed regularly executed and delivered by the trustee in bankruptcy. It is apparent that the answer set up a valid defense and that the plaintiffs were not entitled to a judgment on the pleadings.

The plaintiffs make three contentions: First, that the deed sought to be cancelled and annulled of record is invalid and for two reasons conveys no title; second, that the action under section 3412 of the Civil Code is a correct remedy and not an action to quiet title; and third, that an action to quiet title is so cumbersome, when addressed to so formidable a number of parties and properties, as to be impossible under the ordinary machinery of the court. These contentions may all be true, but they are all beside the point on this appeal for the reason that the plaintiffs, for the purposes of this motion, admitted that they did not own any title to the properties.

Judgment affirmed.

Wood, J., and McComb, J., concurred.