[No. 2,256.]

### ABEL GUY *v.* CHARLES BIBEND.

DEFENSE IN SUIT ON NOTE.—The fact that, contemporaneously with a promissory note, a parol agreement was made, that the note should be payable only out of the surplus arising from the sale of goods assigned to the payor, as security for a debt due him, it appearing no such surplus has arisen, is no defense in a suit on the note.

CONSIDERATION FOR NOTE.—A promise by A. to B. to give B. further time to pay a debt he owes to A. is a good consideration for a promissory note, given by C. to A., for the amount of B.'s debt to him.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff demurred to the answer, and the Court below sustained the demurrer. The defendant declined to amend the answer, and the plaintiff had judgment by default. The defendant appealed.

The other facts are stated in the opinion.

*Whiting & Naphtaly,* for Appellant.

While we admit, as of course, that this note in the hands of a bona fide purchaser for value could not be disputed, we are at a loss to see how the holder, a party to the note, receiving it with the understanding that it was to be paid to him only upon the happening of a contingency—that is, the realization by Bibend of the amount of the note in excess of his own claim—can possibly claim that he has any right to enforce the payment of the note. The contingency upon which the note was to become payable has not occurred, and no consideration has been received by the maker.

*Pringle & Pringle,* for Respondent.

The defense is an attempt to vary by parol the written instrument. It seeks to convert an absolute promise into a promise to pay out of a certain fund, or, on the happening of a certain event. (Cowen & Hill's Notes to Phillips Ev. 591.) The pleader evidently hopes to rely upon the general rule that in commercial paper between the original parties he may prove the want or failure of consideration, although a consideration be expressed. Certainly, if he leaves the instrument to say what it purports to say, he may prove that

it is void for misrepresentation or for want of consideration. But in this case he cannot reach his defense without first changing the character of the instrument. This note, if it did not take away the respondent's right of action against Wegener & Shoenbar, at least suspended his remedies against them, and this delay was a sufficient consideration for the note. (*Miller* v. *Cook*, 23 N. Y. 495; *Moscher* v. *Hotchkiss*, 40 N. Y. 161.)

By the Court, TEMPLE, J.:

The plaintiff sues upon a promissory note, and the answer sets up as a defense that the note was obtained under these circumstances: The firm of Wegener & Schoenbar were indebted to defendant in the sum of thirty-three thousand dollars, and in payment of such indebtedness conveyed to defendant personal property estimated to be worth more than eighty thousand dollars; that after the conveyance of this property to defendant, plaintiff's agent, and also Wegener & Schoenbar, requested defendant to give plaintiff his promissory note for some two thousand four hundred dollars, representing, as an inducement to defendant, that he would realize out of the assets assigned to him twenty thousand dollars or thirty thousand dollars more than his claim. That defendant thereupon agreed to give his note, payable only out of such surplus, and then did execute and deliver to plaintiff his note, payable in four months. At the expiration of this time, not having realized the assets assigned to him, he gave plaintiff a new note, with the understanding that it should be paid only out of such surplus. When this second note became due, defendant paid nearly one half the sum due, and gave a new note for the residue, which is the note sued upon. This note is alleged to have been given with the express understanding that it was payable only out of the surplus arising from the assets received from Wege-

ner & Schoenbar, and that there was no other consideration for the note than the expectation created by the representation that there would be a large surplus arising from such assets. The property received from Wegener & Schoenbar has been sold, and there is no surplus whatever; that the sum realized did not equal one third of the indebtedness of Wegener & Schoenbar to him.

The facts averred in the answer show a contract or understanding, made contemporaneously with the note, that it should be payable only out of a particular fund, to wit: the surplus arising from the assets received from Wegener & Schoenbar, after paying the debt due to defendant. This defense cannot be maintained. To do so would be to vary or add to the terms of the written contract by parol. It does not go to the consideration of the note. The answer shows a sufficient consideration for the note in the credit given by plaintiff for the indebtedness of Wegener & Schoenbar to him. The first note was payable four months from its date, and was accepted in lieu of the claim of plaintiff against Wegener & Schoenbar. The note sued upon is payable thirty days after date. The demurrer, therefore, was properly sustained.

Judgment affirmed.

Mr. Justice CROCKETT, having been counsel in the cause, did not participate in this decision.