[S. F. No. 6906.   In Bank.—July 28, 1916.]

LOOP LUMBER COMPANY (a Corporation), Respondent, v. JAMES F. VAN LOBEN SELS et al., Defendants; AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant.

PUBLIC WORK — BOND FOR PERFORMANCE OF CONTRACT — STATUTE IN-APPLICABLE TO SEWER WORK IN SAN FRANCISCO—CHARTER.—The act of March 27, 1897 (Stats. 1897, p. 201), as amended by the act of May 1, 1911 (Stats. 1911, p. 1422), providing that every contractor to whom is awarded a contract for the execution or performance "of any building, excavating or other mechanical work for this state, or by any county, city and county, city, town, or district therein, shall, before entering upon the performance of such work," file with the officers by whom the contract was awarded a bond to be approved by them, in a sum not less than one-half of the total amount payable by the terms of the contract, conditioned that if the contrac-

tor fails to pay for any materials, supplies, work, or labor furnished in the matter, the sureties will pay the same, to an amount not exceeding the sum specified in the bond, provided a claim therefor be filed in the manner specified in the act, is not applicable to contracts for the doing of sewer work in the city and county of San Francisco, by reason of the provision of section 6 of article XI of the constitution which exempts. municipalities having freeholders' charters from control by the legislature in "municipal affairs," and of the provisions of article VI of the charter of such city and county which provides a complete system for the doing of sewer work therein.

Id.—Constitutional Law—Street and Sewer Work in Municipalities — "Municipal Affairs" — Exemption from State Laws.— Street and sewer work in a municipality, and the making of contracts therefor on the part of the municipality are "municipal affairs" within the meaning of section 6 of article XI of the constitution, which makes freeholders' charters of cities and towns absolutely controlling and free from impairment by general laws of the state, as to all "municipal affairs."

Id.—Bond for Sewer Work—Want of Consideration.—A bond in the form provided by said act, given by a contractor for sewer work in the city and county of San Francisco as a condition precedent to the doing of the work, is without consideration and void.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Charles A. Shurtleff, and O'Connor & Schwartz, for Appellant.

Weinmann, Wood & Cunha, and L. R. Weinmann, for Respondent.

ANGELLOTTI, C. J.—The material facts shown by the complaint are as follows: The city and county of San Francisco, by the appropriate officers, awarded a contract for the doing of certain sewer work in said city and county to the Keystone Construction Company, which assigned such award to defendant Van Loben Sels. The city and county on September 20, 1911, entered into a contract with Van Loben Sels for the doing of said work. The award and execution of the contract and the contract itself were all in accord with

the provisions of the freeholders' charter of the city and county regulating such matters, which provisions appear to. furnish a complete scheme therefor. At or about the time of entering into this contract, Van Loben Sels as principal and the appellant, American Surety Company of New York, as surety, gave the bond provided for by the act of the state legislature entitled "An act to secure the payment of the claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal, or other public work," approved March 27, 1897 (Stats. 1897, p. 201), as amended by act approved May 1, 1911 (Stats. 1911, p. 1422), said bond being in the sum of forty-one thousand dollars. It is expressly alleged in the complaint that they made and executed such bond "in accordance with the provisions of" said act. This act provides that every contractor to whom is awarded a contract for the execution or performance "of any building, excavating or other mechanical work for this state, or by any county, city and county, city, town, or district therein, shall, before entering upon the performance of such work," file with the officers by whom the contract was awarded a bond to be approved by them, in a sum not less than one-half of the total amount payable by the terms of the contract, conditioned that if the contractor fails to pay for any materials, supplies, work, or labor furnished in the matter, the sureties will pay the same in an amount not exceeding the sum specified in the bond, provided a claim therefor be filed in the manner specified in the act. The bond provided that if Van Loben Sels failed to pay for any materials, supplies, or work or labor, the surety "will pay the same, to an amount not exceeding the sum specified in this bond, as provided by an act of the legislature," etc., specifying the act by title, date of approval, and amendment. "Relying upon said bond," plaintiff furnished said Van Loben Sels certain labor and materials in the performance of the work contracted for, amounting to $4,877.96, no part of which has ever been paid. For this plaintiff duly presented and filed its claim in the manner provided by the act. It demanded payment of the amount from the surety company, and the company refused to pay any part thereof.

Subsequently this action was brought by plaintiff against Van Loben Sels and the surety company for the amount due, and judgment was given against both defendants for $1,772.

The surety company alone appeals from this judgment. The only claim made by it for reversal is that the facts stated in the complaint are insufficient to constitute a cause of action in so far as it is concerned.

The claim of the appellant is that the act in pursuance of which and solely because of which it is said the bond was given, is void, or in any event, inapplicable to contracts for public work entered into by the city and county of San Francisco. We think that it must be concluded in view of the allegations of the complaint that the bond was given solely to secure the right on the part of the contractor to proceed with the performance of his contract with the city and county of San Francisco, on the theory that under the provisions of the act the giving of such a bond was essential before the contractor could proceed with such performance. If for any reason such right to proceed with the work existed independent of said act and could not be affected or impaired thereby, it would seem to follow under our decisions that the bond was without consideration and void. (See *Coburn* v. *Townsend,* 103 Cal. 233, [37 Pac. 202] ; *Roystone Company* v. *Darling,* 171 Cal. 526, [154 Pac. 15, 19].) We are speaking of a bond given solely to comply with a statute which is itself void, or which does not require the bond as supposed.

It would not be at all difficult to sustain the claim of respondent as to the validity of this act and its applicability to the city and county of San Francisco, were it not for the provisions of our constitution exempting municipalities having freeholders' charters from control by the state legislature in "municipal affairs." The right of a state through its legislature to provide for security by bond for the protection of persons furnishing materials or labor for the construction of public works for itself or any subdivision of the state subject to control in such matters by the legislature, is well sustained by the authorities in other jurisdictions. But so far as we can see the exercise of such a right is based solely on the theory that it is a reasonable and proper requirement on the part of the public authorities entering into a contract for public work, or those having the right to prescribe as to the terms and conditions of such contracts. We find such an act in regard to contracts for public work for the United States, enacted by Congress, which of course has full power

in such a matter, and this act is sustained by decisions of the federal courts. (See *United States, Use of Hill,* v. *American Surety Co.,* 200 U. S. 197, [50 L. Ed. 437, 26 Sup. Ct. Rep. 168]; *Kansas City etc. Co.* v. *National Surety Co.,* 149 Fed. 507.) Similar requirements by cities having full control of the matter of contracts for municipal work are sustained by the courts, and the authorities are such as to leave little room for doubt that a requirement of this kind as to contracts for municipal work in the charter of the city and county of San Francisco would be valid.

But at the time of the execution of this contract and the giving of this bond, section 6 of article XI of our state constitution was such as to make the freeholders' charter of cities and towns absolutely controlling and free from impairment by general laws of the state, as to all "municipal affairs." Although the phraseology of the section was changed by the amendment adopted November 3, 1914, the same result still obtains. In so far as such a charter makes provision relative to any "municipal affair," it is the supreme law, paramount to any law enacted by the state legislature, and general laws enacted by the legislature in regard thereto can have no application. It is unnecessary to cite authorities to sustain this proposition, which has been so often declared as to have become practically elementary. That street and sewer work in a municipality, and the making of contracts therefor on the part of the municipality are "municipal affairs" within the meaning of the constitutional provision cannot be doubted. (See *Byrne* v. *Drain,* 127 Cal. 663, 667, [60 Pac. 433]; *Barber Asphalt Co.* v. *Costa,* 171 Cal. 138, [152 Pac. 296].) Especially is this true where the expense of the work is to be borne by the municipality itself, as was the fact in this case. And we do not think it can be seriously questioned that a municipality may provide in its freeholders' charter for a complete scheme for the doing of such work that will be paramount to anything contained in any act of the state legislature, and that in regard to such municipality anything contained in any general law of the state that is inconsistent with the charter provisions must be inoperative.

Examination of the freeholders' charter of the city and county of San Francisco discloses the fact that it contains, in article VI thereof, a complete scheme for the doing of such

work as was here contemplated, the award and letting of contracts therefor, and the terms and conditions upon which such contracts are to be let. The board of public works is given charge, superintendence, and control, under such ordinances as may be adopted by the supervisors, of all public ways and of all work done upon, over, or under the same, and of all sewers and of the work pertaining thereto (section 9). With certain exceptions, not material here, contracts for public work are to be awarded only after notice calling for sealed proposals, and all proposals must be accompanied by a certified check for an amount not less than ten per centum of the aggregate of the proposal (sections 14 to 16). The contract may be awarded only to the lowest bidder, provided that the bid of any party who has been delinquent or unfaithful in any former contract must be rejected (section 17). Section 21 provides for the contract and its execution. It requires among other things that, at the same time with the execution of the contract, the contractor shall execute to the city and county a bond conditioned "for the faithful performance of the contract." No other bond is required by the charter. The section further requires that "the contract shall specify the time within which the work shall be commenced, and when to be completed," and, further, that in case of failure on the part of the contractor to complete his contract within the time fixed in the contract, or within said extension as is allowed by the supervisors on recommendation of the board of public works, the contract shall be void. Section 22 provides that when the work shall have been completed to the satisfaction and acceptance of the board, it shall so declare by resolution, and thereupon the board shall deliver to the contractor a certificate to that effect. It is apparent that a complete scheme is thus provided by the charter for the doing of such work as is here involved, and that it was intended to specify all the terms and conditions upon which a contract was to be awarded and the work contracted for performed. It must be held to have been contemplated that upon compliance with all conditions prescribed by the charter, the contractor should proceed with his work, and the charter, as we have seen, expressly requires that the contract shall specify the time within which the work shall be commenced. It seems to us to be perfectly clear that a state statute imposing other con-

ditions on the contractor, and prohibiting the commencement of work under the contract until he has complied therewith, is inconsistent with the charter provisions on the subject, and, consequently, ineffectual for any purpose. It is urged that the act is not in conflict with the charter for the reason that the latter contains no provision at all in regard to such a bond as is required by the act—neither requires such a bond nor in terms declares that no such bond is essential. But this in no degree affects the question. The charter does purport to provide all the conditions imposed on the contractor as a prerequisite to doing the work, including the giving of a bond for the faithful performance of the contract, and contemplates that upon compliance with *those conditions* he shall proceed with such work. Any law purporting to impose other conditions as a prerequisite to doing the work is necessarily inconsistent with the charter. It is not a case where the charter is silent upon the matter, and the authorities cited by respondent in this connection are therefore not in point. And the act does deal with "municipal affairs" when applied to a contract for the doing of sewer work for a municipality, for it purports to prescribe a condition prerequisite to the commencement of work under the contract with the municipality.

It has been held by this court that an act providing for security by bond of those performing labor for or furnishing materials to a contractor is not a regulation coming "within what is called the police power." (*Gibbs* v. *Tally*, 133 Cal. 373, 377, [60 L. R. A. 815, 65 Pac. 970].) It has also been held that the requirement of such a bond is entirely outside the protection of the constitutional provision relative to mechanics' liens. (*Shaughnessy* v. *American Surety Co.*, 138 Cal. 543, 545, [69 Pac. 250, 71 Pac. 701].) In view of the decisions we perceive no ground upon which the act can be sustained except as a reasonable and proper regulation in the matter of contracts for public work made by those having the right to prescribe the terms and conditions for such contracts. And as to contracts for such work in the city and county of San Francisco, the state legislature is without power, because of the mandate of our state constitution, to prescribe any such terms or conditions as are inconsistent with the charter provisions of said city and county.

It follows that the legislative act was ineffectual to require the giving of the bond in suit as a condition precedent to the doing of the work by the contractor, and the city and county of San Francisco not having required any such bond, it must be held that the bond was without consideration and void.

We see no warrant in the allegations of the complaint for a conclusion that appellant is estopped to deny liability upon the bond.

The conclusion we have reached on the questions discussed renders it unnecessary to consider other points made against the legislative act.

The judgment is reversed.

Sloss, J., Melvin, J., Shaw, J., Lorigan, J., Henshaw, J., and Lawlor, J., concurred.