[Civ. No. 1775.   Third Appellate District.—February 4, 1918.]

EDWIN H. WILLIAMS, Appellant, v. CITY OF VALLEJO (a Municipal Corporation), et al., Respondents.

MUNICIPAL CORPORATIONS—CONTRACT FOR PUBLIC WORK IN CITY OF VALLEJO—INAPPLICABILITY OF ACT OF MARCH 27, 1897.—A contract entered into by the city of Vallejo on the nineteenth day of June, 1911, for the doing of municipal work is governed by the charter of 1899, and not by the charter of 1911, and in view of the fact that the former charter provides a complete scheme for the letting of such contracts and the giving of bonds, the public work act of March 27, 1897, is inapplicable to such contract.

APPEAL from a judgment of the Superior Court of Solano County.   W. T. O'Donnell, Judge.

The facts are stated in the opinion of the court.

Karl F. Kennedy, and Edwin H. Williams, for Appellant.

James H. O'Leary, and L. G. Harrier, for Respondents.

CHIPMAN, P. J.—The general features of this action do not differ very materially from those presented in No. 1774, *ante,* p. 133, [171 Pac. 834]. In addition to the parties named as defendants in the action No. 1774 are the following: Board of trustees of the city of Vallejo and the members thereof, to wit: R. C. Pierce, J. Sullivan, Geo. Tripp, Wm. Herbert, and C. B. Butler; Geo. Hildreth, auditor of the city of Vallejo, and J. V. O'Hara, treasurer of the city of Vallejo. The averments in the complaint not found in the complaint in No. 1774 are the following: That the contract referred to

entered into by the American Construction Company provided for payment in installments "in such manner that said American Construction Company should receive ninety per cent of the total value of all the work done by it immediately upon the completion and acceptance thereof by said city of Vallejo, and that ten per cent and no more of the contract price should be reserved as a final payment upon said contract to be paid subsequent to the completion of the same." That at the completion of the contract the said company presented its demands for ninety per cent of the full contract price for said work, to wit, the sum of $32,332.50, and that in due course this amount was paid by the city and received by the company "immediately upon the completion of said work and contract . . . and the said payment constituted ninety per cent of said contract price." In the averments relating to the various claims assigned to plaintiff for work done and materials furnished, it is alleged that the claimant in each case "within thirty days subsequent to the time when said contract of said American Construction Company with the said city of Vallejo hereinabove mentioned was completed" filed his claim with the auditor of said city giving notice to withhold from said American Construction Company the amount of his claim, and further notifying said auditor that he had furnished materials as set out in the complaint, stating in general terms the kind of labor and materials furnished, names of persons to whom the same were furnished, and the amount and value of the same. "That due to the failure of the defendants and each of them to reserve twenty-five per cent of the full contract price of said work from said American Construction Company as hereinabove set out, said demand [naming the claimant] was not satisfied or paid." In each count setting forth the various claims, the reasonable value of the work, labor, and material and the amount agreed by the company to be paid "therefor immediately upon the completion of said work" is stated and also the amount paid and the amount remaining due. It does not clearly appear whether or not these several payments shown were made out of the ten per cent remaining after the payment to the construction company of the ninety per cent as hereinabove shown, nor does it appear that the construction company was paid any portion of this ten per cent. We infer, however, from the treatment of the case in the briefs

that these several payments referred to by the different claimants were paid out of this reserve ten per cent, and appellant's contention is that the defendants are liable for "the failure of the defendants and each of them to reserve twenty-five per cent of the full contract price of said work from said American Construction Company."

Appellant's argument takes the same course of reasoning as in the case No. 1774, and rests upon the assumption that the Vallejo charter of 1911 was in force at the time the contract was made with the American Construction Company, and that the statute of 1911 amendatory of the statute of 1897 applies. This we have shown in the case above referred to is an erroneous assumption upon the part of appellant.

We can discover no legal basis for this action, and the judgment is therefore affirmed.

Hart, J., and Burnett, J., concurred.