[Civ. No. 2096. First Appellate District.—September 6, 1918.]

. PACIFIC COAST CASUALTY COMPANY (a Corporation), Appellant, v. T. E. DAVIS, Jr., Respondent.

PUBLIC CONTRACT—BOND—INDEMNIFICATION OF SURETY BY CONTRACTOR —ACTION BY SURETY.—Where a contractor to whom a contract for the erection of a municipal building for a city was awarded, applied for, and obtained from, the plaintiff, as surety, a bond conditioned for the payment of the claims of all persons furnishing materials or performing labor, if the contractors should fail to pay the same, and in the written application for such bond agreed to indemnify the plaintiff against all loss, costs, etc., which plaintiff might sustain by reason of having executed the bond, and the plaintiff, after the completion of the contract paid claims for labor and materials, in excess of the money due and collected from the city, together with costs and expenses, the plaintiff was entitled to recover from

the contractors, on its express promise contained in its application for the bond, the amount so paid by the plaintiff.

ID.—CONSIDERATION FOR INDEMNITY.—Even if it be conceded in such case, that the' plaintiff surety could not have been compelled to make the payments which it made, its claim against the contractors as indemnitors finds full support in section 1605 of the Civil Code, which provides " . . . any prejudice suffered, or agreed to be suffered, by such person [the plaintiff] other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor [the defendants], is a good consideration for a promise."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering and James Walter Scott, for Appellant.

James H. Boyer, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action to recover on an express contract for the payment of money.   The lower court ordered judgment in favor of the defendants, the plaintiff appealed therefrom, and has brought up the evidence in a bill of exceptions.   The board of works of the city and county of San Francisco awarded to the defendants a contract to build a municipal building; the defendants presented to the plaintiff a written application for two indemnity bonds, one, in the sum of four thousand dollars, for the faithful performance of the contract; and one, in the sum of six thousand seven hundred dollars, running to all persons furnishing materials or performing labor, and which was conditioned for the payment of claims of such persons if the contractors should fail to pay the same.   In said written application the defendants agreed, if the plaintiff would execute said bonds, that the defendants would indemnify the plaintiff against all loss, costs, damages, liabilities, etc., which the plaintiff might sustain by reason of its having executed said bonds; the plaintiff executed and delivered said bonds.   When the contract was completed, the claims outstanding for materials and labor amounted to $6,728.44; and the money due from the city amounted to $5,354.45; the latter sum was collected from the city and the deficiency, $1,328.33, together with certain costs

and expenses, was paid by the plaintiff. The validity of either bond was never questioned prior to said payments, and the defendants stood by and saw the money paid and at no time attempted to stop payment.

The plaintiff has sued on the express promise contained in said written application. The defendants attempt to sustain their position by citing the case of *Loop Lumber Co.* v. *Van Loben Sels,* 173 Cal. 228, [159 Pac. 600], and contend that the bond was without consideration and void. That case was an action by a third party to enforce a claim on a bond similar to the six thousand seven hundred dollar bond above mentioned, but the action was while the promise remained wholly executory. This action is brought to recover on a contract which has been wholly executed by the plaintiff and rests on a different principle. It may be conceded, without deciding, that the plaintiff could not have been compelled to make payments which it made; but, having made the payments, its claim finds full support in section 1605 of the Civil Code, which provides: " . . . any prejudice suffered or agreed to be suffered by such person [the plaintiff] other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor (the defendants) is a good consideration for a promise." (See, also, *Knock* v. *Haizlip,* 163 Cal. 146, 153, [124 Pac. 998], and *Bacon* v. *Grosse,* 165 Cal. 481, 490, [132 Pac. 1027].)

Let us make the situation still clearer: A and B are conversing; C approaches and asks for a contribution for charity; A asks B to pay C one hundred dollars and states that he will repay B; thereupon B pays one hundred dollars to C as requested by A. No one, we think, would question the liability of A to B.

It follows that the judgment should be reversed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.