[Civ. No. 5895. Fourth Dist. Oct. 14, 1958.]

HENRY B. CRAMER, Appellant, v. CITY OF SAN DIEGO, Respondent.

Tom Sherrard for Appellant.

J. F. DuPaul, City Attorney, and Alan M. Firestone, Chief Deputy, for Respondent.

O'Melveny & Myers, James L. Beebe and William D. Moore, as Amici Curiae on behalf of Respondent.

COUGHLIN, J. pro tem.*—Action for declaratory relief.

This is an appeal from a judgment, in an action for declaratory relief, upholding the validity of charter provisions of the city of San Diego, of ordinances enacted thereunder, and of a resolution prescribing rules of interpretation and procedure.

The city of San Diego operates under a charter, adopted in 1931 pursuant to the provisions of article XI, section 6, of the California Constitution (Stats. 1931, Sen. Con. Res. No. 34, p. 2838). Section 90.2 was added to the charter by amendment in 1956 and, among other things, authorizes the city council to establish charges for sewer services; permits the billing and collection of these charges along with those for water as one item; and directs that the sewer service charges be paid into a fund used only for sewer system purposes, including "paying all or any part of the cost and expense of extending, reconstructing or improving the sewer system of the city or any part thereof." The city council has adopted ordinances adding sections to the San Diego Municipal Code fixing sewer service charges; providing for their collection; and creating a sewer revenue fund. Section 64.31 of the municipal code provides that the sewer service charges shall be paid into this fund and shall be used only for the purposes therein designated, which include "paying all or any part of the cost and expense of extending, constructing, reconstructing or improving the sewer system, or any part thereof." Subsequently, the council adopted a resolution establishing rules of interpretation and procedure to be used in connec-

---

*Assigned by Chairman of Judicial Council.

tion with the administration of the sewer service charges theretofore fixed.

Appellant, a citizen and taxpayer of San Diego, owning real property therein, had been charged for sewer services in accord with the foregoing municipal code provisions and rules of interpretation. He brought this action seeking a declaration that the charter provisions, the ordinances, and the rules in question are invalid under article XI, section 11, of the California Constitution because they conflict with the general law, and also in that they constitute an unreasonable exercise of the police power.

Amongst other things, section 5471 of the Health and Safety Code empowers cities to prescribe charges for sewer services; permits the collection of such charges together with those for any other utility service by a single billing; and directs that the revenue so obtained "shall be used only for the acquisition, construction, reconstruction, maintenance and operation of . . . sewer facilities; . . . provided, however, that such revenue shall not be used for the acquisition or construction of any local street sewers or laterals as distinguished from main trunk, interceptor and outfall sewers."

Appellant adopts the premise that the authority of the city of San Diego respecting the acquisition, construction, maintenance and operation of a sewer system is limited by article XI, section 11, of the California Constitution, which provides that "Any . . . City . . . may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws"; contends that the San Diego charter provisions, ordinances and rules under consideration are in conflict with section 5471 of the Health and Safety Code, a general law; and concludes that those charter provisions, ordinances and rules are invalid.

For the purposes of this decision it may be assumed that the provisions of the charter and ordinances in question authorizing the use of sewer service revenue for the "cost and expense of extending, reconstructing or improving" the city sewer system conflict with the provisions of the Health and Safety Code that such revenue shall not be used for "the acquisition of any local street sewers or laterals." ▇▇▇ However, the limitation of authority relied upon by appellant, which is expressed in article XI, section 11, of the Constitution, does not apply to regulations concerning municipal affairs by a city chartered pursuant to article XI, section 6, of the Constitution. A charter adopted thereunder is "abso-

lutely controlling and free from impairment by general laws of the state, as to all 'municipal affairs'. . . . In so far as such a charter makes provision relative to any 'municipal affair,' it is the supreme law, paramount to any law enacted by the state legislature, and general laws enacted by the legislature in regard thereto can have no application." (*Loop Lumber Co. v. Van Loben Sels,* 173 Cal. 228, 232 [159 P. 600] ; *West Coast Adver. Co. v. San Francisco,* 14 Cal.2d 516, 521 [95 P.2d 138] ; *City of Pasadena v. Charleville,* 215 Cal. 384, 388 [10 P.2d 745].)

 Where there is a conflict between state and local regulations the principle of law applicable is that stated in *Natural Milk etc. Assn. v. City etc. of San Francisco,* 20 Cal.2d 101, 108 [124 P.2d 25], as follows :

"It is true, as a general rule, that when there is a conflict between the local police regulations and the general police regulations of the state, the former is invalid if passed after the general law or is superseded if followed by the latter. In either case the result is the same, the local law has no effective force. There is of course the qualification with respect to chartered cities in regard to local laws dealing with purely municipal affairs, . . . then the local law prevails."

 The acquisition, construction, improvement, extension, maintenance, operation and financing of a sewer system are "municipal affairs" concerning which a chartered city is not subject to general law, except as its charter may provide. (*Loop Lumber Co. v. Van Loben Sels, supra,* 173 Cal. 228; *City of Glendale v. Trondsen,* 48 Cal.2d 93, 99 [308 P.2d 1] ; *City of Grass Valley v. Walkinshaw,* 34 Cal.2d 595, 598, 599 [212 P.2d 894] ; *Mefford v. City of Tulare,* 102 Cal.App.2d 919, 923, 924 [228 P.2d 847].)

 The efficient operation of such a system necessarily includes the determination and implementation of fiscal policies and procedures, including the imposition and collection of charges for services rendered, and the use of revenue obtained therefrom for sewer system purposes. These, likewise, are "municipal affairs."

In support of his contention that the city of San Diego is not authorized to use revenues from sewer service charges to extend or improve its system, appellant cites *City of Madera v. Black,* 181 Cal. 306 [184 P. 397], which declared invalid the sewer service charge there under consideration. However, two factors obviously distinguish the cited case from the

one at bar: (1) In the former, the revenue obtained from sewer service charges was used for general municipal purposes; not for the extension or improvement of the sewer system; (2) the city of Madera was not a chartered city; its only authority came from general law which did not permit charges against sewer users as a means of raising revenue for general purposes.

As the charter provisions, ordinances and regulations in question concern "municipal affairs," they are not subject to limitation by general law, and any conflict therewith does not render them invalid.

■ Appellant further contends that these enactments are unreasonable and therefore are void. Objection is made to the use of sewer service charges to extend or improve the system. In this regard our attention is not directed to the infringement or denial of any right protected by the Constitution. None appears to be involved. (*City of Glendale* v. *Trondsen, supra,* 48 Cal.2d 93, 102.) The only citation submitted is to the general proposition that the exercise of the police power must be reasonable (18 Cal.Jur. 823-824). The arguments advanced in support of the contention concern the economic and administrative propriety and wisdom of legislation which would permit, although it does not require, the cost of extending or improving the sewer system to be paid from service charges levied against those owners using the same.

From a legal standpoint the charter provisions and ordinances under consideration are not unreasonable. To consider the sewer system in its entirety, just as a water system, transportation system, electric light and power system, or any utility, is not unreasonable. The making of additions or improvements to such a system, or of reconstructing outmoded or deteriorated parts thereof, both of which are in the nature of capital investments, may be financed in a number of different ways. A bond issue, assessment proceedings, general ad valorem tax, a charge against subdivisions as a condition precedent to acceptance into the system, as well as a fund created by allocating thereto a part of the charges made for service rendered, are some of the methods which have been used. The selection of the method of financing is an administrative matter, the exercise of which is within the legal discretion of the city.

In *Sands* v. *Manistee River Imp. Co.,* 123 U.S. 288 [8 S.Ct. 113, 116, 31 L.Ed. 149], where the constitutionality of a toll charge for the use of a waterway was questioned, because

improvements were made from the toll charges collected, the court said:

". . . [to] meet the cost of such improvements, the states may levy a general tax or lay a toll upon all who use the rivers and harbors as improved. The improvements are, in that respect, like wharves and docks constructed to facilitate commerce . . . Regulations of tolls or charges in such cases are mere matters of administration, under the entire control of the state."

Sewer service charges for the purpose of defraying costs of constructing additions or improvements to the system, as well as of operation and maintenance, have been approved in *Morse* v. *Wise*, 37 Wn.2d 806 [226 P.2d 214]; *City of Maryville* v. *Cushman*, 363 Mo. 87 [249 S.W.2d 347]; and *Waterworks & Sanitary Sewer Board* v. *Dean*, 260 Ala. 221 [69 So.2d 704, 708].

The contention of appellant is not well taken.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied November 5, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 10, 1958. Shenk, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.