[Civ. No. 24954. Second Dist., Div. Three. July 10, 1961.]

SIDNEY F. BRODY, Respondent, v. ALBERT L. GABRIEL et al., Defendants; HAMER H. JAMIESON, Appellant.

Hamer H. Jamieson, in pro. per., for Appellant.

Watkins, Lund & Peck for Respondent.

BISHOP, J. pro tem.*—Throughout defendant Jamieson's testimony, his brief, and his oral argument to us, runs this refrain: "I have never received any benefit; the plaintiff never paid me anything." This is in support of his contention that there was "lack of sufficient consideration," for the eight promissory notes upon which the judgment was based. He sees nothing of significance in the finding, supported by uncontradicted evidence, "that in consideration of the execution of the said notes plaintiff agreed not to sue or take any other steps toward collecting certain obligations to plaintiff of one Stanley J. Mansfield, and plaintiff agreed to assign to defendants on payment of the sums represented by said notes, any and all money and security claims owned by plaintiff against said Stanley J. Mansfield. . . ."

The principle that governs is well settled. We find this in *Stone* v. *Burke* (1952), 110 Cal.App.2d 748, 756 [244 P.2d 51, 56]: "The existence of a good consideration is not dependent upon the fact that a benefit should be conferred upon the promisor. It is sufficient that a 'prejudice be suffered or agreed to be suffered' by the promisee (*Millsap* v. *National Funding Corp.*, 57 Cal.App.2d 772, 776 [135 P.2d 407])."

A similar statement of the principle appears in *Lincoln Holding Corp.* v. *Levering* (1933), 219 Cal. 427, 429 [27 P. 74, 75], where the contention was that no consideration existed for the $2,500 note, given by the defendant, upon which the plaintiff was suing. The facts were that there remained unpaid a $5,000 note made payable to the plaintiff, by a third party, which the defendant had endorsed. The plaintiff accepted defendant's $2,500 note in satisfaction of his obligation, and allowed the $5,000 note to outlaw. The Supreme Court stated: "The plaintiff's forbearance to sue on the $5,000 note was a prejudice suffered by it and alone was sufficient to constitute a good and valuable consideration for the new promise. (§ 1605, Civ. Code; *Belloc* v. *Davis*, 38 Cal. 242, 256. . . .)" It is true that, in the case from which we have just quoted, there appeared to be some benefit to the promisor, but the detriment to the promisee *alone*, we note, was held to be good consideration.

The same result was reached in *Guy* v. *Bibend* (1871), 41 Cal. 322, 323, from which we quote the second syllabus: "A promise by A. to B. to give B. further time to pay a debt he

---

*Assigned by Chairman of Judicial Council.

owes to A. is a good consideration for a promissory note, given by C. to A., for the amount of B.'s debt to him."

The court, in *Pacific Coast Casualty Co.* v. *Davis* (1913), 38 Cal.App. 152, 154 [175 P. 701], endeavored to make the principle clearly understood by supposing that "A and B are conversing; C approaches and asks for a contribution for charity; A asks B to pay C one hundred dollars and states that he will repay B; thereupon B pays one hundred dollars to C as requested by A. No one, we think," the court continues, "would question the liability of A to B."

One more quotation, this from *Adolph Ramish, Inc.* v. *Woodruff* (1934), 2 Cal.2d 190, 207 [40 P.2d 509, 517, 96 A.L.R. 1146], with emphasis added: "It has been repeatedly held that the extension of time in which to pay money due confers upon the debtor an advantage or benefit which in itself constitutes a sufficient consideration for the execution of an instrument by him, and that where the instrument is executed *by a third person* in consideration of an extension *given to the debtor,* the *detriment to the creditor* is a sufficient consideration to support the promise of the third person. (. . . *Guy* v. *Bibend,* 41 Cal. 322.)"

It may be that a close examination of the circumstances that gave rise to the notes sued upon would disclose some benefit to the defendant who made them, and so the existence of consideration on that theory, but we do not need to make a close examination, for even a sketchy review of those circumstances suffices to show the life-giving presence of "prejudice suffered, or agreed to be suffered" (Civ. Code, § 1605), by the plaintiff. Some time in the year 1954, the Stanley J. Mansfield, mentioned in the finding quoted in our opening paragraph, borrowed $6,000 from the plaintiff, and agreed not only to repay it, with interest, but assigned to him 5 per cent of the gross receipts from the sale of a product that he (Mansfield) had invented. Under date of October 24, 1958, a written agreement was entered into between the plaintiff and the defendant in which it was recited that the Mansfield loan, with interest, amounted to $8,000, to which should be added $636.12 as the amount due from the 5 per cent agreement. This total sum due the plaintiff the defendant agreed to pay, $100 at once, and the balance in monthly payments, first of $200, then of $300, $400 and $500, followed by one payment of $892.12 and then seven of $892. The plaintiff, in turn, in consideration of said promise of the defendant to pay the $8,636.12, indebtedness of Mansfield, agreed "not to sue

or take any other steps toward collecting said indebtedness'' of Mansfield.

As we have seen, plaintiff's agreement not to sue was sufficient consideration for the promissory notes sued upon, eight in number, all bearing the same date that the written agreement bore, each being for one of the last eight monthly installments that the defendant had agreed to pay. The defendant paid the first four notes, representing the first four installments as they became due, or as the due dates were extended, but defaulted on the remaining eight.

We have no doubt of the soundness of defendant's earnestly urged position that parol evidence is admissible to prove lack, or failure, of consideration as a defense to this action. He was not denied the right to prove either, but failed to do so, even if we should conclude that he had demonstrated that he had reaped no reward for his promises. The initial payment of $100 was made by a check endorsed by Mansfield to toll any statute of limitations, and on some undeveloped theory the defendant once took the position that the result of this was to defeat plaintiff's claim that his agreement not to sue Mansfield was good consideration. He had the right to press Mansfield for payment; he agreed not to exercise it; he never did exercise it; good consideration for the notes existed; and no good defense appears.

We see no reason to reverse the judgment. It is affirmed.

Vallée, Acting P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 6, 1961.