HUBER ET AL., APPELLANTS, *v.* DENGER, GREENE COUNTY SANITARY ENGINEER, ET AL., APPELLEES.

[Cite as Huber *v.* Denger (1988), 38 Ohio St. 3d 162.]

(No. 87-986—Submitted May 4, 1988—Decided August 10, 1988.)

*John B. Huber,* for appellants.

*Taft, Stettinius & Walker* and *Lawrence D. Walker,* for appellees Greene County Sanitary Engineer and Board of County Commissioners.

*John W. Donahue,* for appellee city of Bellbrook.

*Miller, Finney & Clark* and *Marshall L. Clark,* for appellee Sugarcreek Township.

*James R. Gould* and *Robert N. Farquhar,* urging reversal for *amicus curiae,* city of Beavercreek.

*Philip Aultman,* urging reversal for *amicus curiae,* Board of Township Trustees of Beavercreek Township.

SWEENEY, J. Appellants have maintained throughout these proceedings that the Greene County Board of County Commissioners is without authority to assess residents of the Greene County Sanitary District served by the Beavercreek plant for the cost of retiring the debt incurred in the construction of the Sugarcreek facility. This contention is without merit.

R.C. 6117.02 prescribes the methods by which county commissioners establish sewer rates. It provides in relevant part:

"The board of county commissioners shall fix *reasonable rates to be charged for the use of the sewers or sewerage treatment of disposal works referred to in section 6117.01 of the Revised Code* by every person, firm, or corporation *whose premises are served by a connection to such sewers or sewerage treatment or disposal works when such sewers or sewerage treatment or disposal works are owned or operated by the county,* and may change such rates as it deems advisable. Such rates *shall be at least sufficient to pay all the cost of operation and maintenance of improvements for which the resolution declaring the necessity thereof shall be passed* after July 1, 1958 and may include, upon billing, additional amounts attributable to connection charges being paid in installments." (Emphasis added.)

R.C. 6117.01 describes the sewerage works for which the rates are assessed. It provides in pertinent part:

"For the purpose of preserving and promoting the public health and welfare, *boards of county commissioners may by resolution lay out, establish, and maintain one or more sewer districts within their respective counties,* outside of municipal corporations, and may have a registered professional engineer make such surveys as are necessary for the determination of the proper boundaries of such district. Each district shall be designated by an appropriate name or number.

*Any board may acquire, construct, maintain, and operate such main, branch, intercepting, or local sewer, or ditch, channel, or interceptor for the* temporary retention of storm water, *within any such district, and such outlet sewer and sewage treatment or disposal works within or without such district, as are necessary to care for and conduct the sewage or surface water from any part of such district to a proper outlet, so as to properly treat or dispose of same."* (Emphasis added.)

It is apparent from a review of these two sections that the rates assessed for maintenance of the sewer works of a district are not dependent upon the fact that the ratepayer be physically attached to the particular facility for which debt servicing is required. Rather, reasonable rates may be charged to ratepayers for any facility operated and maintained by the district. In other words, the sewers and sewerage works for which reasonable rates may be assessed pursuant to R.C. 6117.02 are those described in R.C. 6117.01 as constructed or maintained by the district. There is nothing in either of these sections which precludes a county from assessing a ratepayer for a treatment plant servicing another part of the district. An important criterion for determining whether the rate is justified is whether it is reasonable or not.

The courts of other jurisdictions which have considered analogous statutes have reached similar conclusions. See *McGrath* v. *Manchester* (1979), 119 N.H. 109, 112, 398 A. 2d 842, 844; *Clovis* v. *Crain* (1960), 68 N.M. 10, 16, 357 P. 2d 667, 671; *Antlers Hotel, Inc.* v. *Newcastle* (1959), 80 Wyo. 294, 301-302, 341 P. 2d 951, 952-953; *Cramer* v. *San Diego* (1959), 164 Cal. App. 2d 168, 172-173, 330 P. 2d 235, 238-239. Cf. *Morse* v. *Wise* (1951), 37 Wash. 2d 806, 226 P. 2d 214.

This approach appears to be eminently sensible. To hold otherwise would result in the Balkanization of financial support for treatment plants by constricting the base upon which the cost of the facility would be spread. It would defeat the purposes of a unified sewer district envisioned by R.C. Chapter 6117 and virtually foreclose the possibility of generating the local capital necessary to construct or improve the facilities so as to conform to state and federal environmental laws. Indeed, it is not inconceivable that the cost of any future improvements to the Beavercreek plant would be shared by residents served by the Sugarcreek facility.

*Amici* have cited numerous cases holding that sewer districts may constitutionally prescribe different rates for customers in different circumstances.[1] These holdings however do not stand for the proposition that uniform rates throughout a district are constitutionally infirm.

Appellants further assert that R.C. Chapter 6117 does not permit the retirement of capital debt through sewer rates. We disagree. R.C. 6117.02 provides only that the rates "be at least sufficient to pay all the cost of operation and maintenance of improvements." There is no prohibition regarding the use of additional assessments to retire capital debt.

Accordingly, we hold that R.C. Chapter 6117 authorizes a board of county commissioners to allocate the

---

[1] *Twps. of Mahoning Cty.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 40, 12 O.O. 3d 45, 388 N.E. 2d 739; *Airwick Indus., Inc.* v. *Carlstadt Sewerage Auth.* (1970), 57 N.J. 107, 270 A. 2d 18; *Kennebunk, Kennebunkport & Wells Water Dist.* v. *Wells* (1929), 128 Me. 256, 147 A. 188.

cost of a facility serving a portion of a sewer district among all residents of the district.

We therefore affirm the decision of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

