## BARNES et ux. v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924.)

No. 4192.

1. **Pleading ⊂═⊃343—In railroad's action to recover possession of part of right of way, judgment on pleadings held error.**

In action by railroad company to recover possession of part of right of way granted under Act March 3, 1871, complaint and answer *held* not to justify granting of judgment on pleadings in favor of plaintiff.

2. **Public lands ⊂═⊃92—User for railroad purpose necessary to hold grant.**

Though title to land granted to railroad for right of way cannot be acquired against railroad company by limitation, still, as implied condition on which grant was made, user and retention for legitimate railroad purposes, must exist in order that limited fee may be held, there can be abandonment of right of way.

3. **Public lands ⊂═⊃92—Abandonment of railroad right of way dependent on intention.**

The question of what constitutes abandonment by a railroad company of part of its right of way is largely one of intention, to be established by acts which clearly indicate nonuser and a purpose on part of railroad company to give up use thereof.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Action by the Southern Pacific Company against Charles J. Barnes and wife. Judgment for plaintiff, and defendants bring error. Reversed.

This action was brought by the Southern Pacific Company, a railroad corporation, to recover exclusive possession of a parcel of land in San Bernardino county, Cal. The company operates a main trunk line, which extends in part through the tract described, and alleges that the right of way through the described subdivision is a parcel of land 200 feet in width lying equally 100 feet on each side of the center line of the main track; that the right of way was acquired by Act of Congress approved March 3, 1871, granting the said right of way for the purpose of connecting the Texas Pacific Railroad with the city of San Francisco (16 Stat. 573). The parcel involved, containing less than two acres and described by metes and bounds, is alleged to be part of the right of way in possession of defendants, who refuse to surrender possession.

Defendants answered, denying plaintiff's ownership or right to possession of any right of way through the land involved, or any portion thereof. They deny that the right of way is a parcel of land in excess of 50 feet on each side of the center line of the main track, or that plaintiff acquired the right of way described for a width of 200 feet, or any other width, by Act of Congress approved March 3, 1871, or at all, or that Congress granted to plaintiff any portion of said right of way, of any width, to any person or corporation other than the Southern Pacific Railroad Company of California; allege that plaintiff, Southern Pacific Company, is not the corporate successor of the Southern Pacific Railroad Company of California. Defendants admit possession of the land described in the complaint, but deny that it is a portion of the right of way mentioned in the complaint, and deny the right of the plaintiff to possession. Defendants also pleaded that by the Act of Congress of March 3, 1871, heretofore referred to, the United States granted to the Southern Pacific Railroad Company of California a right of way for railroad purposes across certain public lands, including the premises demanded

in the complaint; that Congress granted to the said Southern Pacific Railroad Company of California a right of way of a width of 200 feet, extending 100 feet on each side of the center line of such railroad as it might thereafter construct pursuant to the said grant, and that in 1875 the said railroad company constructed its road upon and across the land described in the complaint, and at the location where the railroad is now maintained and operated and did thereby appropriate for railroad purposes, pursuant to said grant, a right of way extending 100 feet on each side of the center line of said railroad so constructed; that prior to the year 1882 the said railroad company ceased to use or occupy the said right of way across the quarter section described, except to the extent of 100 feet, with "an intent to abandon all of said right of way through said section lying beyond said 50 feet from the said center line of said railroad"; that at all times subsequent the said railroad company and its successors in interest have intentionally failed to use or occupy the said portion of said original right of way lying more than 50 feet from the center line of the railroad, which nonuser has always been accompanied by an existing intention to abandon the same; that the premises demanded in the complaint constitute "the abandoned portion of said right of way"; that by reason of the said abandonment of said portion of the said right of way the title thereto reverted to the United States before 1882, and the lands became a part of the public domain; that about July, 1882, one Canterbury filed application to enter as a homestead a parcel of land which includes the demanded premises, and in October, 1889, Canterbury received patent to the lands, by virtue of which he became owner of the fee to the premises demanded by plaintiff; that by mesne conveyances the title has vested in the Security Trust & Savings Bank, a corporation, which is now the owner and holder thereof, and that defendants hold possession under and pursuant to the title of the Security Trust & Savings Bank. Defendants also plead that, by reason of abandonment subsequent to the patent to Canterbury, the title to the premises reverted to Canterbury or his successors in interest.

Plaintiff's motion for judgment upon the pleadings was granted, and defendants brought writ of error. The District Court held that the answer admitted the grant of the lands described as a part of the railroad right of way 200 feet in width to the Southern Pacific Company of California under the Act of Congress approved March 3, 1871, and that it also admitted that the Southern Pacific Company is in possession of said railroad as operator thereof, and that defendants are in possession of the portion of the right of way described, and that Congress, having determined that a 200-foot right of way was necessary for use of the railroad company, and having granted right of way rights covering such a strip of ground, and the railroad company having located its road thereon, and having continued so to occupy the same, no part of the 200-foot strip could be alienated or lost by any act of the railroad company.

Gurney E. Newlin and A. W. Ashburn, both of Los Angeles, Cal., for plaintiffs in error.

Frank Thunen, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Plaintiffs in error concede that there cannot be a voluntary alienation of a railroad right of way granted by an act of Congress, except for certain limited purposes, which are not pertinent to the present case; nor do they dispute the point that adverse possession does not run against a right of way so granted. But they assert that the ownership of the right of way is not necessarily absolute and exclusive, and the substance of their argument is that the District Court failed to give proper effect to the averments of their answer, setting up that the plain-

tiff never received a grant of the right of way as alleged, and is not the successor in interest of the grantee named in the act of Congress, and also failed to give due weight to their averments putting in issue the ownership of defendant in error, or its right to possession of any portion of the demanded premises.

Brief reference to the decisions shows that the character of the grant is one made upon an implied condition, which becomes material in the present case. In Northern Pacific Railway v. Townsend, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. Ed. 1044, it was held that the Northern Pacific grant there under examination was in effect a "limited fee," made on an implied condition of reverter in the event the company ceased to use or retain the land for the purposes for which it was granted. The view taken was that, title of such a character having been granted for the special purpose of use of the land for railroad purposes, to have and to hold the same so long as it was used for railroad right of way, the railroad company could not alienate any part of its roadway, so as to interfere with the full exercise of the franchise granted. The Townsend Case concerned the validity of an asserted title by adverse possession; the present litigation has to do with an asserted abandonment—a distinction of substance, for in the case of adverse possession, to give effect to a state statute of limitations would in effect confer a permanent right to possession upon an individual for his private use, and thus there could be by indirection alienation by a railroad of part of its right of way, the whole of which is presumed to be needed for railroad purposes.

In the case of abandonment, however, a claimant bases his right, not upon adverse rights, nor upon a desire on the part of the railroad company to profit by transfer of its property, but upon the voluntary acts of the railroad company, which, we think, by intention and non-user may deliberately show that use of the whole tract granted is not necessary, and that its grant from the government has expired. New Mexico v. United States Trust Co., 172 U. S. 171, 19 Sup. Ct. 128, 43 L. Ed. 407, quoting from Smith v. Hall, 103 Iowa, 95, 72 N. W. 427; Northern Pacific v. Spokane, 64 Fed. 506, 12 C. C. A. 246. In Holland Co. v. Northern Pacific Co., 214 Fed. 920, 131 C. C. A. 216, we had occasion to consider the grant to the Northern Pacific, and regarded it as of a qualified or limited fee, made on implied condition of reverter in the event the company ceased to use or retain the land for the purpose for which it was granted. Abandonment was recognized as possible, the question being regarded as one of intent, capable of being established by the acts of the company. Railroad Co. v. Baldwin, 103 U. S. 429, 26 L. Ed. 578; Denver & R. G. v. Mills, 222 Fed. 481, 138 C. C. A. 77; Abercrombie v. Simmons, 71 Kan. 538, 81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 239. The rule laid down in the Townsend Case, supra, was followed in Northern Pacific v. Ely, 197 U. S. 1, 25 Sup. Ct. 302, 49 L. Ed. 639.

[2, 3] The doctrine established, as applied to the present case, is that, although title to the land within the right of way could not be acquired against the railroad company, grantee, by limitation, still, as the implied condition upon which the grant was made, user and reten-

tion for legitimate railroad purposes must exist, in order that the limited fee may be held, it should follow that there can be an abandonment of right of way. What specific acts of the railroad company may constitute abandonment need not be discussed, further than to say the question generally is largely one of intention, to be established by acts which clearly indicate nonuser and a purpose on the part of the railroad company to give up the use of the right of way or part thereof.

The allegation in the complaint that plaintiff below, Southern Pacific Company, "operates" the railroad described, with a defined right of way of 200 feet in width, and that the parcel in question is in possession of defendants, though admitted in the answer of defendants, should be considered with the denial that plaintiff owns or is entitled to possession of any right of way, or that plaintiff acquired said right of way by the act of Congress cited in the complaint, or is entitled to the exclusive or any possession of the whole or any part of the described land, and with the denial that plaintiff is the successor of the Southern Pacific Railroad of California. Casci v. Ozalli, 158 Cal. 282, 110 Pac. 932. Under the pleadings, to recover judgment, plaintiff would have to introduce evidence. It was error, therefore, to grant judgment on the pleadings.

The judgment is reversed.